Charles THIELEMANN, Appellant,

v.

Alan KETHAN, Appellee.

No. 01–10–01111–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 19, 2012.

Rehearing Overruled March 26, 2012.

Review Denied Sept. 21, 2012.

Charles Thielemann, Burton, TX, for Appellant.

Steven C. Haley, Moorman, Tate, Urquhart, Haley, Upchurch & Yates, L.L.P., Brenham, TX, for Appellee.

Panel consists of Justices JENNINGS, BLAND, and MASSENGALE.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Charles Thielemann, challenges the county court at law's order dismissing, for want of jurisdiction, his defamation claim[1] against appellee, Alan Kethan, and awarding Kethan sanctions.[2] In three issues, Thielemann contends that the county court at law erred in granting Kethan's motion to dismiss and assessing sanctions, denying Thielemann's motion requesting that the county court at law's dismissal and sanctions order be voided, and granting Kethan's amended motion for sanctions.

We affirm the portion of the trial court's order dismissing the suit for want of jurisdiction and reverse the trial court's assessment of sanctions.

## Background

On October 20, 2010, Thielemann filed, in the county court at law, his defamation suit against Kethan, the pastor of St. Peter's Lutheran Church, alleging that Kethan had written a "libelous letter" about Thielemann and distributed it to others.

In his answer, filed on October 28, 2010, Kethan generally denied the allegations. He then filed his motion to dismiss Thielemann's claim for want of jurisdiction, asserting that the county court at law lacked

jurisdiction[3] to hear a defamation suit and requesting sanctions against Thielemann for filing a groundless suit in a court without jurisdiction. Thielemann responded to Kethan's motion to dismiss and request for sanctions and filed a motion to withdraw his case in the event the county court at law lacked jurisdiction to hear it.

After a hearing on Kethan's motion, the county court at law entered an order dismissing Thielemann's suit for want of jurisdiction and imposing sanctions in the amount of $3,000 against him. The court found that the suit "was groundless[,] having been filed in a court without jurisdiction and without reasonable inquiry into the jurisdictional limits of" the court.

On November 24, 2010, Thielemann filed a motion requesting that the county court at law void its order dismissing his suit for want of jurisdiction and awarding Kethan sanctions. Kethan, on December 2, 2010, filed a "First Amended Motion for Rule 13 Sanctions." After the court heard Thielemann's motion to void and Kethan's motion for additional sanctions, it denied Thielemann's motion, granted Kethan's motion, and awarded Kethan additional sanctions in the amount of $2,500.

## Subject–Matter Jurisdiction

In his first issue, Thielemann asserts that the county court at law erred in dismissing his suit on the ground that it, pursuant to the Texas Government Code, did not have jurisdiction to hear a suit to recover damages for a defamation claim. *See* TEX. GOV'T CODE ANN. §§ 25.0003, 25.2412, 26.043 (Vernon 2004). He argues that the county court at law had jurisdic-

---

1. *See* TEX. GOV'T CODE ANN. § 26.043 (Vernon 2004).

2. *See* TEX.R. CIV. P. 13.

3. *See* TEX. GOV'T CODE ANN. § 26.043.

tion over his suit because Texas Government Code section 26.043 does not apply to statutory county courts and applies only to constitutional county courts. *See id.* § 26.043.

■ Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). The Texas Constitution and state statutes provide the sole sources of jurisdiction for Texas courts. *Chenault v. Phillips,* 914 S.W.2d 140, 141 (Tex.1996). Under the Texas Constitution, the judicial power of the State is "vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law." TEX. CONST. art. V, § 1. The Texas Constitution also authorizes the Texas Legislature to "establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and [to] conform the jurisdiction of the district and other inferior courts thereto." *Id.; see id.* § 15 ("There shall be established in each county in this State a County Court...."). Texas courts that are enumerated in the constitution are referred to as "constitutional courts," while courts that are established pursuant to the legislature's power to create "other courts" are referred to as "legislative" or "statutory" courts. 1 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 3:3 (2d ed. 2004); *see also* TEX. GOV'T CODE ANN. §§ 21.009(1), (2) (Vernon 2004).

A "county court" is a court created in each county under article V, section 15 of the Texas Constitution. TEX. GOV'T CODE ANN. § 21.009(1). Chapter 26 of the Texas Government Code, entitled "Constitutional County Courts," confers jurisdiction for county courts, and provides that,

A county court has concurrent jurisdiction with the district court in civil cases in which the matter in controversy exceeds $500 but does not exceed $5,000, exclusive of interest.

*Id.* § 26.042(d) (Vernon 2004). However, a county court does not have jurisdiction to consider,

(1) a suit to recover damages for slander or defamation of character,

(2) a suit for the enforcement of a lien on land,

(3) a suit in behalf of the state for escheat,

(4) a suit for divorce,

(5) a suit for the forfeiture of a corporate charter,

(6) a suit for the trial of the right to property valued at $500 or more and levied on under a writ of execution, sequestration or attachment,

(7) an eminent domain case, or

(8) a suit for the recovery of land.

*Id.* § 26.043.

A "statutory county court" is a court created by the legislature under article V, section 1 of the Texas Constitution. *Id.* § 21.009(2). A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts. *Id.* § 25.0003(a). Section 25.0003 contains the general grant of jurisdiction to all statutory county courts, and provides as follows:

(a) A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts.

. . . .

(c) In addition to other jurisdiction provided by law, a statutory county court

exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:

> (1) civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000 . . .

*Id.* § 25.0003.

The court at issue here is the Washington County Court at Law, a statutory county court whose jurisdiction is prescribed by statute. *See* Tex. Gov't Code Ann. §§ 25.0003, 25.2412. Section 25.2412(a) provides:

> In addition to the jurisdiction provided by Section 25.0003 and other law, a county court at law in Washington County has concurrent jurisdiction with the district court in family law cases and proceedings.

*Id.* § 25.2412(a).

Thielemann asserts that the general grant of jurisdiction in section 25.0003(c) confers jurisdiction on statutory county courts for all types of suits with an amount in controversy between $500 and $100,000. In support of his position, Thielemann relies on *Clute Apartments 1, Ltd. v. Lorson,* No. 01–09–00514–CV, 2010 WL 5186913 (Tex.App.-Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.) and *Santana v. Texas Workforce Commission,* No. 03–05–00452–CV, 2007 WL 2330714 (Tex.App.-Austin Aug. 16, 2007, no pet.) (mem. op.). Thielemann argues that because section 25.0003(c) gives statutory courts concur-

rent jurisdiction with district courts, the Washington County court at law had jurisdiction to hear his libel/slander case.[4]

Kethan asserts that the limitations on the civil jurisdiction of constitutional county courts are made equally applicable to statutory county courts by Texas Government Code section 25.0003(a), which, according to Kethan, "raises the amount in controversy jurisdiction of [statutory county courts] above the limits otherwise set for constitutional county courts . . . without disturbing the restrictions on subject matter jurisdiction."

In *Lorson,* this Court noted that the general grant of jurisdiction for statutory county courts provides:

> ***In addition to other jurisdiction provided by law,*** *a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court* ***has concurrent jurisdiction with the district court in*** *civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000.*

*Id.* at *3 (emphasis in original) (citing Tex. Gov't Code Ann. § 25.0003(c)). We further noted that the specific grant of jurisdiction to statutory county courts in Brazoria County provides:

> In addition to the jurisdiction provided by 25.0003 and other law, a statutory county court in Brazoria County has concurrent jurisdiction with the district

---

4. As discussed below, there are several cases in which courts of appeals have simply stated that a statutory county court does not have jurisdiction over the eight type of suits listed in section 26.043 absent a specific grant of jurisdiction. *See Spakes v. Weber,* No. 10–08–00313–CV, 2010 WL 139955, at *2 (Tex.App.-Waco Jan. 13, 2010, pet. denied) (mem. op.); *Matherne v. Carre,* 7 S.W.3d 903, 906 (Tex.App.-Beaumont 1999, pet. denied); *Loville v. Loville,* 944 S.W.2d 818, 819 (Tex.App.-Beau-

mont 1997, writ denied). Furthermore, it is noted in Dorsaneo's Texas Litigation Guide that because Government Code section 25.003 "embraces the jurisdiction prescribed by law for county courts, it appears that statutory county courts do not have jurisdiction in those civil matters set forth in section 26.043 unless a specific statute provides otherwise." 1 Dorsaneo, Texas Litigation Guide, *Pretrial Practice,* 2.01(3)(d).

court in civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000.

*Id.* (citing TEX. GOV'T CODE ANN. § 25.2412). Based on this language, we concluded that "both the general and specific grants of jurisdiction expand the jurisdiction of the statutory county courts in Brazoria County over that of the constitutional county courts to include concurrent jurisdiction with the district courts in civil cases with an amount in controversy between $500 and $100,000." *Id.*

In *Lorson,* we recognized that section 26.043 deprives a "county court" of jurisdiction over the eight types of suits listed therein. *Id.* However, we noted that the Texas Government Code defines "county court" as a court created pursuant to Texas Constitution article V, section 15, i.e., a constitutional county court, and statutory county courts are created by the legislature pursuant to Texas Constitution article V, section 1. *Id.* Thus, we concluded that the plain language of section 26.043 does not apply to statutory county courts and held that section 26.043 did not restrict the trial court's jurisdiction "because the trial court [was] a statutory county court, not a constitutional county court." *Id.* at *4. We note that because the specific grant of jurisdiction for statutory county courts in Brazoria County provides for concurrent jurisdiction with the district court in "civil cases in which the matter exceed[ed] $500 but [did] not exceed $100,000," this Court, in *Lorson,* correctly concluded that section 25.0222(a)(1) of the Texas Government Code conferred jurisdiction to the statutory county courts in Brazoria County to hear lawsuits involving the eight types of cases listed in section 26.043. *See id.* Thus, this Court's statements and analysis regarding section 26.043's applicability to statutory county courts generally was dicta, as the Court did not rely on it for the resolution of the case. *See Four Brothers*

*Boat Works, Inc. v. Tesoro Petroleum Cos., Inc.,* 217 S.W.3d 653, 662 (Tex.App.-Houston [14th Dist.] 2006, pet. denied).

Here, the parties dispute the applicability of section 26.043 generally to statutory county courts. Accordingly, we must determine whether section 26.043 generally limits the jurisdiction of statutory county courts as well as constitutional county courts.

The general grant of jurisdiction for statutory county courts provides that they have jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for constitutional county courts. TEX. GOV'T CODE ANN. § 25.0003(a). Therefore, in order to determine the extent of the grant of jurisdiction to statutory county courts we must necessarily look at the jurisdiction granted to constitutional county courts. Chapter 26 of the Texas Government Code, entitled "County Courts," provides constitutional county courts concurrent jurisdiction with the district courts for suits with an amount in controversy between $500 and $5,000. *Id.* § 26.042(d). However, this general grant of jurisdiction is limited by section 26.043, in which the legislature expressly provides that a county court does not have jurisdiction over the eight types of suits listed. *Id.* § 26.043. Thus, the jurisdiction that a county court can exercise concurrent with the district courts is limited. The legislature, as it did for constitutional county courts, also provided statutory county courts with jurisdiction concurrent with the district courts, providing that, "a statutory county court *exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court* has concurrent jurisdiction with the district court in" civil cases in which the matter in controversy exceeds $500 but does not ex-

ceed $100,000. *Id.* § 25.0003(c)(1) (emphasis added).

■ In construing a statute, we give effect to all words and, if possible, do not treat statutory language as mere surplusage. *Haas v. Ashford Hollow Cmty. Improvement Ass'n, Inc.*, 209 S.W.3d 875, 886 (Tex.App.-Houston [14th Dist.] 2006, no pet.); *see also Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex.1998) ("[W]e must read [a] statute as a whole and interpret it to give effect to every part."). Accordingly, to give effect to every pertinent part of the Texas Government Code, we must read section 25.0003(c) in conjunction with the language limiting the jurisdiction of a constitutional county court found in section 26.043. The concurrent jurisdiction of a statutory county court with a district court is only applicable when the statutory county court is exercising civil jurisdiction concurrent with the jurisdiction of a constitutional county court. *See* TEX. GOV'T CODE ANN. § 25.0003(c). Generally, the statutory county courts' concurrent jurisdiction with district courts is based on the jurisdiction of constitutional county courts, which is limited by section 26.043. Accordingly, the jurisdiction of a statutory county court is also limited.

■ If a specific statutory provision confers jurisdiction, the specific provision controls over the general limitation of section 26.043. *See* TEX. GOV'T CODE ANN. § 25.0001(a) (Vernon 2004). Here, we note that the legislature has specifically provided certain statutory county courts with jurisdiction over some of the eight types of suits listed in section 26.043. For example, a suit to recover damages for slander may be filed in a statutory county court in Harris County. *Id.* § 25.1032(c)(2) (Vernon 2004); *see also id.* § 25.2162(a) (Vernon 2004) (providing county court at law of Starr County with subject-matter jurisdiction over family law matters and "contro-

versies involving title to real property" concurrently with district court). Thus, the legislature has chosen to specifically grant various statutory county courts with specific jurisdiction to hear some of the types of suits listed in section 26.043. In 1991, the legislature amended section 25.0003(a) to increase the amount in controversy limits from $5,000 to $100,000. *See* Acts 1991, 72nd Leg., ch. 746, §§ 2, 3, eff. Oct. 1, 1991. Notably, the legislature also provided for specific grants of jurisdiction on certain statutory county courts to hear some of the types of suits listed in 26.043. *See, e.g.,* TEX. GOV'T CODE ANN. §§ 25.1032(c)(1)-(6), 25.2222(b) (Vernon 2004). The legislature would not have needed to specifically grant jurisdiction if it had not intended for the limitations of section 26.043 to apply to statutory county courts generally. We conclude that the legislature did not intend to confer broader jurisdiction in its general grant of jurisdiction in section 25.0003(c) because it provided more specific grants of jurisdiction to specific statutory county courts, which, if included in the broader grant, are duplicative of jurisdiction already conferred.

Thielemann asserts that *Santana* stands for the proposition that, here, the statutory county court has jurisdiction over his suit. There, Santana argued that "because the trial court, [a statutory county court,] has concurrent jurisdiction with constitutional county courts and because constitutional county courts are not empowered to hear defamation suits, the trial court lacked jurisdiction in his suit for defamation." *See Santana*, 2007 WL 2330714, at *3. The Austin Court of Appeals disagreed, concluding that nothing in section 26.043 refers to county courts at law that possess civil jurisdiction concurrent with the district courts. *Id.* The specific grant of jurisdiction to the Travis County statutory courts states that "[i]n addition to the ju-

risdiction conferred generally by section 25.0003 and other law, a county court at law in Travis County has concurrent jurisdiction in civil cases with the district court." TEX. GOV'T CODE ANN. § 25.2292(a) (Vernon 2004). Accordingly, the court found that the specific provision, applying only to Travis County, controls, and, thus, Travis County statutory courts have concurrent jurisdiction in civil cases with the district courts. *Santana*, 2007 WL 2330714, at *3. However, the Austin Court of Appeal's statement that section 26.043 does not apply constitutes dicta because the court ultimately held that the Travis County courts at law had jurisdiction over the claim due to the legislature's specific grant of jurisdiction concurrent with the district courts. *Id.*

Notably, the Austin Court of Appeals, in a subsequent published opinion, diverged from its previous discussion of section 26.043, explaining:

County Court at Law No. 2 of Tom Green County is a statutory county court. *See* TEX. GOV'T CODE ANN. § 25.2281 (West 2004). It does not have jurisdiction in "a suit for the recovery of land." *Id.* § 26.043(8) (West 2004); *see also id.* § 25.0003(a) (West Supp.2008) (providing that statutory county courts have the same jurisdiction as prescribed by law for constitutional county courts). *Compare id.* § 25.2162(a) (West 2004) (granting a county court at law in Starr County jurisdiction over controversies involving title to real property), *with id.* § 25.2282 (West 2004) (not granting such jurisdiction to a county court at law in Tom Green County). Thus, if this lawsuit constitutes a suit for the recovery of land, the county court did not have subject-matter jurisdiction to adjudicate the claims.

*Merit Mgmt. Partners I, L.P. v. Noelke,* 266 S.W.3d 637, 643 (Tex.App.-Austin 2008, no pet.).

Similarly, the Waco Court of Appeals has concluded that, "[u]nless otherwise provided, a statutory county court has the subject-matter jurisdiction prescribed by law for constitutional county courts." *Spakes v. Weber,* No. 10–08–00313–CV, 2010 WL 139955, at *2 (Tex.App.-Waco Jan. 13, 2010, pet. denied) (mem. op.). The court noted that a constitutional county court does not have subject-matter jurisdiction to decide a suit for the recovery of land. *Id.* (citing TEX. GOV'T CODE ANN. § 26.043(8) (Vernon 2004)). The court reasoned that because "statutory county courts of Johnson County in particular have the subject-matter jurisdiction prescribed for constitutional county courts and concurrent jurisdiction with district courts 'in family law cases and proceedings,'" statutory county courts of Johnson County "do not have subject matter jurisdiction" in a suit for recovery of land. *Id.* (citing *Noelke,* 266 S.W.3d at 643.). In the case before us, the specific grant of jurisdiction to Washington County statutory courts is identical to that granted to the Johnson County statutory courts discussed in *Spakes. Compare* TEX. GOV'T CODE ANN. § 25.1281 (Vernon 2004), *with id.* § 25.2412.

The Beaumont Court of Appeals has also concluded that a statutory county court does not have jurisdiction over the eight types of suits listed in 26.043, notwithstanding the general grant of jurisdiction contained in section 25.0003(c). *Loville v. Loville,* 944 S.W.2d 818, 819 (Tex. App.-Beaumont 1997, writ denied). In *Loville,* the court held that a statutory county court of Jefferson County lacked jurisdiction over the Lovilles' suit seeking recovery of land because section 26.043 limited the jurisdiction of the statutory county

court to that of the constitutional county court. *Id.*

■ Here, as in *Loville*, the specific grant of jurisdiction to the statutory county courts in Washington County does not contain a specific provision granting them jurisdiction concurrent with the district courts. *See* TEX. GOV'T CODE ANN. § 25.2412. Rather, the specific grant of jurisdiction provides for jurisdiction concurrent with district courts in regard to family law cases and proceedings. *Id.* § 25.2412(a). The specific grant of jurisdiction states only that "a county court at law in Washington County has concurrent jurisdiction with the district court in family law cases and proceedings." *Id.* Unlike the specific grant of jurisdiction in *Lorson* and *Santana*, the specific grant of jurisdiction for the statutory county courts in Washington County does not provide them with jurisdiction concurrent with the district courts in all matters. Accordingly, we hold that the county court at law lacked subject-matter jurisdiction over Thielemann's defamation claims.

We overrule Thielemann's first issue.

## Sanctions

In his third issue, Thielemann argues that the county court at law erred in assessing sanctions against him for filing his suit in the Washington County court at law because there is no evidence that he violated Texas Rule of Civil Procedure 13. He asserts that "no one should be subject to sanctions and/or the threat of sanction for correctly stating the law."

■ We review a trial court's decision to impose sanctions under an abuse of discretion standard. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex.2007). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner "without reference to guiding rules and principles."

*See Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). A trial court does not abuse its discretion merely because it decides a discretionary matter differently than an appellate court would in a similar circumstance. *Gray v. CHCA Bayshore L.P.*, 189 S.W.3d 855, 858 (Tex.App.-Houston [1st Dist.] 2006, no pet.).

■ A trial court may impose sanctions if a pleading is groundless and brought in bad faith or for the purpose of harassment. TEX.R. CIV. P. 13. A pleading is groundless if it has "no basis in law or fact" and is "not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* Courts must presume that a lawsuit has been filed in good faith, and a party moving for sanctions must overcome this presumption. *Daves v. Daniels*, 319 S.W.3d 938, 940 (Tex.App.-Austin 2010, pet. denied); *Appleton v. Appleton*, 76 S.W.3d 78, 86 (Tex.App.-Houston [14th Dist.] 2002, no pet.). The party moving for sanctions must prove the pleading party's subjective state of mind. *See Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex.App.-Houston [14th Dist.] 2002, no pet.). In determining whether to award sanctions, a trial court must examine the facts and circumstances in existence at the time that a pleading was filed to determine whether sanctions are proper. *Id.* Bad faith does not exist when a party merely exercises bad judgment or is negligent; rather bad faith is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes. *Elkins v. Stotts–Brown*, 103 S.W.3d 664, 669 (Tex.App.-Dallas 2003, no pet.). To "harass" means to annoy, alarm, and verbally abuse another person. *Id.*

The county court at law's order imposed sanctions on Thielemann pursuant to rule 13, finding that "good cause is shown for the imposition of these monetary sanctions for reason that this suit was groundless having been filed in a Court without jurisdiction and without reasonable inquiry into the jurisdictional limits of this Court."

■ Kethan maintains that Thielemann's defamation claim is groundless and brought in bad faith or to harass because the county court at law concluded that it was without jurisdiction to hear such a claim. At the sanctions hearing, Kethan's attorney testified to the costs of defending this suit, and he referenced other suits that Thielemann had filed in a court without jurisdiction. Kethan's attorney argued that the suit is groundless because the court lacked jurisdiction and that "an hour of research would have determined" that the statutory court was without jurisdiction. He argued that Thielemann was subject to sanctions because the "function" of rule 13 is "not only to compensate the other party but to have a punitive effect," this was not Thielemann's first time to file a suit in a court without jurisdiction, and Thielemann would continue to file suits in courts without jurisdiction "until someone stands up and slaps his hand." Thielemann, however, stated that he "spent a lot of time looking" at the law and "trying to find [out] what is a constitutional court and what is a statutory court."

■ Sanctions should only be assessed "in those egregious situations where the worst of the bar uses our honored system for ill motive without regard to reason and the guiding principles of the law." *Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 951 (Tex.App.-Houston [1st Dist.] 1993, no writ). A trial court may not base sanctions solely on the legal merit of a pleading or motion. *See Elkins*, 103 S.W.3d at 668. Instead, the trial court must examine the facts available to the litigant and the circumstances existing at the time the pleading was filed. *Id.* Although we have ultimately concluded that this defamation suit was filed in a court without jurisdiction, Thielemann argued and asserted in his response to the motion for sanctions that *Santana* and *Lorson* supported his filing of the suit in a statutory county court. We recognize that Kethan's counsel did argue to the county court at law that the suit was groundless and Thielemann had filed suits in other courts without jurisdiction. However, motions and arguments of counsel do not constitute evidence in regard to rule 13. *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex.App.-Dallas 1993, no writ). More importantly, here, the record and briefing shows that appellate law exists arguably supporting Thielemann's filing of a defamation suit in the statutory county court. Accordingly, we hold that the county court at law erred in assessing monetary sanctions against Thielemann for filing the suit in the court in the Washington County court at law.

We sustain Thielemann's third issue.[5]

### Conclusion

We reverse the portion of the county court at law's November 18, 2010 order awarding Kethan sanctions and its December 21, 2010 order awarding additional sanctions. We affirm the remaining portion of the county court at law's November 18, 2010 order dismissing Thielemann's defamation suit for want of jurisdiction.

---

5. Having overruled Thielemann's first issue and sustained his third issue, we need not address his second issue.