Opinion issued June 14, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00799-CV

———————————

Mary Lee Anderson, Dian Demma, and Bruce Lindsay, Appellants

V.

Daniel J.
Kasprzak, Patricia C. Kasprzak, and Katherine D. Kasprzak, Appellees



 



 

On Appeal from the 125th District Court

Harris County, Texas



Trial Court Case No. 2006-62609

 



MEMORANDUM OPINION

          Appellees,
Daniel Kasprzak, his wife Patricia Kasprzak,
and his daughter Katherine Kasprzak (collectively, “the
Kasprzaks”) sued appellants, Mary Lee Anderson, Dian Demma, and
Bruce Lindsay (collectively, “the residents”), for defamation and related
causes of action as a result of a conflict between Daniel Kasprzak,
as president of his neighborhood’s homeowner’s association, and various
neighborhood residents.  The residents
moved for sanctions, which the trial court denied after it had disposed of all
other claims between the parties.  

In ten of their eleven issues, the
residents argue that the trial court erred in entering an order denying their
motion for sanctions because: the Kasprzaks’ original
and amended pleadings failed to comply with Texas Civil Practice and Remedies
Code Chapter 10 and Texas Rules of Civil Procedure 13 and 215; the primary
purpose and basis of the defamation claims was to “punish” the residents for
filing grievances against Daniel Kasprzak with the
Texas State Bar; the Kasprzaks were unable to raise a
fact issue on their claims for defamation, slander, and conspiracy or on the
issue of “actual malice”; Patricia and Katherine Kasprzak
lacked the capacity to bring this suit and took over four years to nonsuit the
residents; and the Kasprzaks failed to prove that
they suffered pecuniary damages.  The
residents also argue that the trial court abused its discretion by granting a
continuance sua sponte and
not immediately ruling on the reconsideration of the denial of the motions for
summary judgment. 

          We affirm
the order of the trial court.

                                                                                                                                                                
Background

The underlying dispute in this case centers around animosity between a group of residents in the Newport
subdivision in Crosby, Texas and Daniel Kasprzak, who
was involved with the New Property Owners’ Association of Newport, Inc.
(“NPOAN”).  On September 29, 2006, the Kasprzaks sued various Newport residents and other
defendants associated with various newspapers (the “publication defendants”)
for defamation, defamation per se, civil conspiracy, and invasion of privacy
based on allegedly defamatory statements made about Daniel Kasprzak
in connection with the NPOAN dispute.

The publication defendants settled and were
non-suited.  The remaining defendants,
Patricia Vice, Kathie Slotter, and the residents
moved for summary judgment, which was denied by the trial court.  Vice and Slotter
appealed the denial of summary judgment to this Court.  In an opinion dated October 1, 2009, we
reversed the trial court’s summary judgment, and we rendered judgment in favor
of Vice and Slotter that Patricia and Katherine Kasprzak’s claims be dismissed for lack of standing and
that Daniel Kasprzak take nothing by his claims.  Vice v.
Kasprzak, 318 S.W.3d 1, 24 (Tex. App.—Houston
[1st Dist.] 2009, pet. denied) (concluding, based on summary judgment record,
that Daniel Kasprzak was limited-purpose public
figure and therefore was required to establish actual malice and that he failed
to meet public figure’s burden of proving that allegedly defamatory statements
were false or made with actual malice). 
The Kasprzaks filed a petition for
discretionary review in the Texas Supreme Court, which was denied on June 11,
2010.[1]  

          On
November 5, 2009, the residents—who were not parties to Vice and Slotter’s appeal—moved for reconsideration of the trial
court’s denial of their motion for summary judgment in light of this Court’s
October 1, 2009 opinion in Vice v. Kasprzak.  The
trial court ordered that the motion to reconsider the summary judgment denial be
submitted for the trial court’s consideration after this Court’s opinion in Vice v. Kasprzak
became final.

On October 13, 2010, the residents filed a motion for
sanctions in the trial court.  The
residents argued that they were entitled to sanctions under Civil Practice and
Remedies Code sections 10.001 and 10.002 and Rule 13 because many of the Kasprzaks’ factual allegations did not have evidentiary
support and because their claims had no basis in law.  They argued that the pleadings themselves
established their entitlement to sanctions. 
The mandate issued for this Court’s judgment in Vice and Slotter’s appeal on October 20, 2010.

          The
claims of Patricia Kasprzak and Katherine Kasprzak against the residents were dismissed in an order of
the trial court granting nonsuit on November 19, 2010.  The claims of Daniel Kasprzak
against the residents were dismissed in an order granting nonsuit on January
12, 2011.[2]

On March 22, 2011, the trial court held an evidentiary
hearing on Vice and Slotter’s motion for
sanctions.  The residents did not
participate in this hearing.  Daniel and
Patricia Kasprzak, their attorney, Jess Mason, Slotter, Vice, and their attorney all testified.  Patricia testified that, although she was a
licensed attorney, she was not practicing law at the time of the hearing.  She further stated that, at the time the Kasprzaks filed their pleadings, she did not know the
elements of a defamation cause of action and that she believed the lawsuit was
based on multiple e-mails, articles, and fliers that contained lies about her
husband and family.

Jess Mason, the Kasprzaks’
attorney, and Daniel Kasprzak, an attorney himself,
both testified that they consulted with multiple attorneys and conducted legal
research prior to filing suit, that they did not believe that Daniel’s role as
president of the homeowner’s association would qualify him as a limited-purpose
public figure, and that, even if it did, they believed they would be able to
establish malice on the part of the residents because of their harassing
behavior.

That same day, on March 22, 2011, the residents filed
their “Supplemental Motion for Sanctions,” stating that they “adopt[ed] and incorporate[d] the
evidence adduced at the hearing on Vice and Slotter’s
motion [for sanctions] as if fully set forth herein.”

The trial court denied the residents’ motions for
sanctions on August 10, 2011.  This
appeal followed.[3]

                                                                                                                                               
Motion for Sanctions

The residents assert ten issues arguing that the trial
court erred in denying their motion for sanctions under Civil Practice and
Remedies Code Chapter 10 and Rule 13.[4]

We review a trial court’s ruling on a motion for sanctions
for an abuse of discretion.  Cire v. Cummings, 134 S.W.3d 835, 838 (Tex.
2004); see also Low v. Henry, 221
S.W.3d 609, 614 (Tex. 2007) (holding that abuse of discretion standard applies
to motions for sanctions under Rule 13 and Chapter 10).  “The test for an abuse of discretion is
not whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court's action, but ‘whether the court acted
without reference to any guiding rules and principles.’”  Id. at
838–39 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)).  Thus, we reverse the trial court’s ruling only if it was arbitrary or unreasonable.  Id. at 839. 

Chapter 10 of the Civil Practice
and Remedies Code and Rule 13 allow a trial court to sanction an attorney or a
party for filing motions or pleadings that lack a reasonable basis in law or
fact.  Low, 221 S.W.3d at 614.  Rule 13 authorizes the award of sanctions
against an attorney or party who files a claim that is groundless and brought
in bad faith or to harass.  Tex. R. Civ. P. 13.  

Chapter 10 provides in pertinent
part:

The signing of a pleading or motion as required
by the Texas Rules of Civil Procedure constitutes a certificate by the signatory
that to the signatory’s best knowledge, information, and belief, formed after
reasonable inquiry:

 

(1) the pleading or
motion is not being presented for any improper purpose, including to harass or
to cause unnecessary delay or needless increase in the cost of litigation;

 

(2) each claim,
defense, or other legal contention in the pleading or motion is warranted by
existing law or by a nonfrivolous argument for the
extension, modification, or reversal of existing law or the establishment of
new law;

 

(3) each allegation or other factual contention
in the pleading or motion has evidentiary support or, for a specifically
identified allegation or factual contention, is likely to have evidentiary support
after a reasonable opportunity for further investigation or
discovery; and

 



(4) each denial in the pleading or motion
of a factual contention is warranted on the evidence or, for a specifically
identified denial, is reasonably based on a lack of information or belief.

 

Tex.
Civ. Prac. & Rem. Code Ann. §
10.001 (Vernon 2002).  Chapter 10
authorizes sanctions if the suit was filed for an improper purpose, even if it
was not frivolous.  See Alpert v. Crain, Caton & James, P.C.,
178 S.W.3d 398, 412 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (“[T]here
are two requirements under Chapter 10: (1) that the claims made in pleadings
not be frivolous; and (2) that the pleadings not be made for an improper
purpose.  A finding of either requirement
supports the imposition of sanctions.”).

          Generally, courts presume that pleadings and other papers
are filed in good faith.  Low, 221 S.W.3d at 614; see also Tex. R. Civ. P. 13 (“Courts shall presume that pleadings,
motions, and other papers are filed in good faith.”).  The party seeking sanctions bears the burden
of overcoming this presumption of good faith. 
Low, 221
S.W.3d at 614.  In determining whether to award sanctions, a trial court must
examine the facts and circumstances in existence at the time that a pleading
was filed to determine whether sanctions are proper.  Thielemann v. Kethan,
No. 01-10-01111-CV, 2012 WL 159949, at *6 (Tex. App.—Houston [1st Dist.]
Jan. 19, 2012, no pet. h.) (citing Mattly v. Spiegel, Inc., 19 S.W.3d 890, 896 (Tex. App.—Houston [14th
Dist.] 2000, no pet.)).  

A.              
Groundlessness or Frivolousness of the Kasprzaks’ pleadings

In their first issue, the residents argue that the Kasprzaks failed to comply with Civil Practice and Remedies
Code Chapter 10 in their “group pleadings.” [5]  They argue that the Kasprzaks’
pleadings asserted all of their causes of action against every defendant, but
they did not have evidentiary support for any of those claims or for their allegations
against the residents.  The residents
cite Low to support their
contention.  See Low, 221 S.W.3d at 614–15.  In their second issue, the residents argue in
part that the trial court erred in denying their motion for sanctions because,
in conjunction with their defamation claim, the Kasprzaks
“produced no evidence that [the residents] uttered, authored, published or
distributed any untrue statement or publication.”  In their
ninth issue, the residents argue that the trial court erred in denying the
motion for sanctions because this Court held that Patricia
and Katherine Kasprzak lacked the capacity to bring
this suit.  In their eleventh issue, the
residents argue that the Kasprzaks violated Rule 13.[6]

A pleading is groundless for purposes of Rule 13
when it has no basis in law or fact and is not warranted by good faith argument
for the extension, modification, or reversal of existing law.  Tex.
R. Civ. P. 13.  Similarly, Chapter
10 requires that each claim or legal contention in a pleading must be “warranted by
existing law or by a nonfrivolous argument for the
extension, modification, or reversal of existing law or the establishment of
new law” and that each allegation or factual contention in a pleading must have
evidentiary support.  Tex.
Civ. Prac. & Rem. Code Ann. § 10.001; see also Low, 221 S.W.3d at 615 (“The statute dictates that each claim and each
allegation be individually evaluated for support.  The fact that an allegation or claim is
alleged against several defendants—so called “group pleadings”—does not relieve
the party from meeting the express requirements of Chapter 10. . . .  Each allegation and factual contention in a
pleading or motion must have, or be likely to have, evidentiary support after a
reasonable investigation.”).

The Kasprzaks alleged causes of action for
defamation, conspiracy, and invasion of privacy against the residents, Vice,
and Slotter.  In
their amended pleading,[7] the Kasprzaks
alleged that the residents were part of a conspiracy, along with Slotter and Vice, to make “false,
defamatory statements . . . [that] generally impugn the reputation, character
and integrity of Mr. Kasprzak and the Kasprzak family as a whole.”  The Kasprzaks
alleged that the residents “published slanderous and libelous statements on
numerous occasions, including to media personnel and news outlets,” that they
“accosted and harassed the members of [the Kasprzak]
family, and have willfully and intentionally embarrassed and humiliated them in
public settings.”  The Kasprzaks further alleged that the residents’ acts were an
invasion of the Kasprzaks’ privacy and that the
residents, including Vice and Slotter,
“intentionally intruded on [the Kasprzaks’] solitude,
seclusion, or private affairs.”  

At the hearing on Vice and Slotter’s motion for
sanctions, Mason, Patricia Kasprzak, and Daniel Kasprzak testified about the evidentiary support for these
allegations.  They cited multiple
allegedly defamatory newspaper articles, fliers circulated in the neighborhood,
a website with allegedly defamatory content, multiple incidents of harassing
behavior in meetings and in public places, and incidents of vandalism.  Mason and the Kasprzaks
testified generally that the residents all participated in this behavior to
some extent or that they were part of a conspiracy to promote such behavior in
order to defame the Kasprzak family and to invade
their privacy.[8]  Daniel Kasprzak and
Mason also testified that they did not believe that Daniel qualified as a
limited-purpose public figure under existing law and that they all believed
that Patricia and Katherine had standing to sue for defamation, conspiracy, and
invasion of privacy because many of the allegedly defamatory publications and
comments attacked the Kasprzak family generally.  In particular, they cited statements made by
the residents that the Kasprzak family was living on
stolen money and harassing behavior directed toward all Kasprzak
family members in public and in their home.

In determining whether to award sanctions, the trial
court may not base sanctions solely on the legal merit of a pleading; rather,
it must examine the facts available to the litigant and the circumstances in
existence at the time the pleading was
filed.  Thielemann, 2012 WL 159949, at *6; Mattly, 19 S.W.3d at 896.  The testimony of Mason and the Kasprzaks indicated that, at the time they were made, their
claims were warranted by existing law or a good faith extension of the
law.  See
Tex. R. Civ. P. 13; Tex. Civ. Prac.
& Rem. Code Ann. § 10.001; Low, 221 S.W.3d at 614–15.  The
extensive analysis conducted by this Court on the issues of Daniel’s status as
a limited-purpose public official and Patricia’s and Katherine’s standing to
bring their claims further supports a conclusion that, while the Kasprzaks were not ultimately successful in prosecuting
their suit, their suit was not groundless or frivolous.  See
Vice, 318 S.W.3d at 12–16.

Furthermore, the testimony of Daniel Kasprzak, Patricia Kasprzak, and
Mason established the factual basis underlying their claims at the time they
were filed—they testified that the residents conspired with Vice and Slotter to publish allegedly defamatory articles and fliers
and to maintain a website that contained allegedly defamatory comments,
participated in harassing behavior, and made allegedly defamatory comments
regarding Daniel Kasprzak and his family in various
public settings.  See, e.g., Likover v. Sunflower Terrace II, Ltd., 696
S.W.2d 468, 474 (Tex. App.—Houston [1st Dist.] 1985, no writ) (holding that
each co-conspirator is responsible for acts done by any of conspirators)
(citing Carroll v. Timmers
Chevrolet, Inc., 592 S.W.2d 922, 926 (Tex. 1979)).  Thus, the Kasprzaks presented evidence at the sanctions hearing that
their defamation claim against all defendants had an evidentiary basis.  

We conclude that the trial court did not abuse
its discretion by finding that the Kasprzaks’ claims
were not frivolous or groundless.  See Tex.
R. Civ. P. 13 (allowing
sanctions for groundless suit that was brought in bad faith or for purposes of
harassment); Tex. Civ. Prac. & Rem. Code Ann. § 10.001
(allowing sanctions for frivolous claim that lacked legal or evidentiary
support).  We overrule
the residents’ first, ninth, and eleventh issues.

In the remainder of the second issue and their fifth, sixth, and seventh
issues, the residents argue that the trial court erroneously denied the motion
for sanctions because the Kasprzaks failed to raise a
genuine issue of material fact on the allegations of defamation, “actual
malice,” slander, and conspiracy.  In
their tenth issue, the residents argued that the Kasprzaks
failed to prove that they suffered pecuniary damages.  However, as we have already cited, the trial
court was required to examine the facts available
to the litigant and the circumstances in existence at the time the pleading was filed. 
See Thielemann,
2012 WL 159949, at *6; Mattly,
19 S.W.3d at 896.  We have
already concluded, under this standard, that the trial court did not err in
concluding that the Kasprzaks complied with the
requirements of Chapter 10 and Rule 13. 
The fact that the Kasprzaks were subsequently
unable to meet a summary judgment burden or prove their entitlement to
particular damages is immaterial.  See Thielemann, 2012 WL 159949, at *6; Mattly, 19 S.W.3d at 896. 
We overrule the residents’ second, fifth, sixth, seventh, and tenth
issues.

B.              
Evidence of Bad Faith or Improper Purpose

In their third issue, the residents argue that the trial court’s denial
of sanctions was erroneous because “the primary basis of [the Kasprzaks’] defamation claims was for [the residents’]
grievances filed with the Texas State Bar.” 
In their fourth issue, the residents argue the trial court erred because
the Kasprzak’s only purpose in including the
residents in the lawsuit was “to punish them for filing grievances with the
Texas State Bar or for criticism of [the Kasprzaks’]
‘small town’ politics.”  We construe
these issues as arguments that the Kasprzaks’ claims
were made for an improper purpose under Chapter 10.[9]

Bad faith does not exist when a party merely
exercises bad judgment or is negligent; rather, bad faith is the conscious
doing of a wrong for dishonest, discriminatory, or malicious purposes.  Thielemann, 2012 WL 159949, at *6 (citing Elkins
v. Stotts–Brown, 103 S.W.3d
664, 669 (Tex. App.—Dallas 2003, no pet.)).  To “harass” means to annoy, alarm, and
verbally abuse another person.  Id.  Sanctions
should only be assessed “in those egregious situations where the worst of the
bar uses our honored system for ill motive without regard to reason and the
guiding principles of the law.”  Id. at *7 (quoting Dyson Descendant Corp. v. Sonat
Exploration Co., 861 S.W.2d
942, 951 (Tex. App.—Houston [1st Dist.] 1993, no writ)).  The trial court must
examine the facts available to the litigant and the circumstances existing at the
time the pleading was filed.  Id. at *6.

We have already concluded that the Kasprzaks’
testimony and that of their attorney established a factual basis underlying
their claims without reference to the grievances filed by the residents.  We also observe that the Kasprzaks’
amended petition made no reference to grievances filed against Daniel Kasprzak with the Texas State Bar.  Slotter and Vice
both testified at the hearing on their motion for sanctions that the Kasprzaks did not file suit until after they had filed
grievances with the State Bar; however, Daniel Kasprzak
testified that the filing of the grievances was not the primary factor he and
his attorney considered in filing the suit. 
Furthermore, the testimony of Vice and Slotter
on this issue provides no evidence regarding the timing or possible connection
between the residents’ filing of grievances and the Kasprzaks’
filing of this suit.  The record contains
no other evidence of or argument regarding alleged bad faith or an improper
purpose in the Kasprzaks’ filing of their claims for
defamation, conspiracy, and invasion of privacy.

We conclude that the residents did not meet their burden of overcoming
the presumption that pleadings are filed in good faith.  See Low, 221 S.W.3d at 614; Thielemann, 2012 WL 159949, at *6.  We
overrule their third and fourth issues.

                                                                                                                                                                   
Conclusion

We affirm the order of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Jennings and Keyes.

 











[1]           At the various hearings regarding
sanctions and in their appellate briefing, the parties indicated that Vice and Slotter moved the supreme
court for sanctions against the Kasprzaks for filing
a frivolous appeal and that the supreme court denied the motion.  However, neither the motion for sanctions nor
the supreme court’s ruling is included in the record
for this case; therefore, we do not consider the motion.  





[2]           Vice and Slotter
also had pending motions for sanctions that were likewise denied by the trial
court.  Vice and Slotter
are not parties to this appeal.





[3]
       On
November 15, 2011, this Court sent a notice of intent to dismiss for want of
jurisdiction, informing the residents that they appeared to be attempting to
appeal from an interlocutory order.  Upon
our review of the record subsequently submitted by the residents, it appears to
us that the trial court’s ruling on the motion for sanctions finally disposed
of the final claims in the case.  All of
the Kasprzaks’ claims against Vice and Slotter had been disposed of by interlocutory appeal from
the denial of summary judgment appealed to this Court, and the nonsuits had
been granted as to all remaining defendants by the trial court, leaving only
the residents’ motion for sanctions pending. 
See Epps v. Fowler, 351 S.W.3d
862, 868 (Tex. 2011) (holding that nonsuit does not affect any pending claim
for affirmative relief or motion for attorney’s fees or sanctions); Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 192–93 (Tex. 2001) (holding that judgment is final
for purpose of appeal “if and only if it . . . actually disposes of all claims
and parties then before the court, regardless of its language, or it states
with unmistakable clarity that it is a final judgment as to all claims and all
parties”).  The residents argue that the
trial court erred by not indicating finality in the language of its order
denying their motion for sanctions. 
However, a judgment can be final for purposes of appeal, regardless of
its language, if it actually disposes of all claims and parties then before the
court.  See Lehmann, 39 S.W.3d at 192–93.  The residents also argue in one sentence that
the trial court erred by not requiring the Kasprzaks
to indicate whether their nonsuits were with or without prejudice.  They cite no authority and provide no
argument to support this statement, and it does not appear from the record that
they presented this complaint to the trial court; therefore, it is waived.  See Tex. R. App. P. 33.1, 38.1(i).

 





[4]
       The
residents assert one unrelated issue on appeal. 
In their eighth issue, they argue that the trial court erred in granting
a continuance and not immediately ruling on the reconsideration of their
motions for summary judgment.  In light
of the nonsuits filed by the Kasprzaks, the trial
court’s alleged failure to reconsider the motions for summary judgment in a
timely manner is now moot.  

 





[5]           The residents briefly discuss the
trial court’s denial of their special exceptions to the Kasprzaks’
pleading, but they do not develop an argument or provide citation to
authority.  Thus, to the extent they were
attempting to raise the denial of their special exceptions as an issue on
appeal, this issue is waived for lack of briefing.  See Tex. R. App. P. 38.1(i).

 





[6]           The residents also argue that the Kasprzaks violated Texas Rule of Civil Procedure 215.  However, they did not assert this ground in
their motion for sanctions.  Thus, it is
waived.  See Tex. R. App. P.
33.1.  They also argue as part of their
eleventh issue that the trial court committed an act of “indiscretion” by
“allowing [the Kasprzaks] to plead defenses disguised
as objections and [by] not considering the motions in the order that they were
filed.”  However, they present no
argument or citation to authority on this issue.  Therefore, it is waived.  See Tex. R. App. P. 38.1(i).  The residents also argue that the testimony
of Jess Mason “was loaded with hearsay.” 
However, no one objected to Mason’s testimony on the ground of hearsay
at the hearing; therefore, this complaint is also waived.  See Tex. R. App. P. 33.1.

 





[7]           The Kasprzaks’
original petition was substantially similar, but it also named other defendants
who are not relevant to this appeal.





[8]           The residents did not participate in
the hearing, so they did not elicit any testimony regarding their individual
behavior.

 





[9]           Because we have already concluded that
the claims were not groundless, we do not consider whether they were brought in
bad faith under Rule 13.  See Tex.
R. Civ. P. 13 (authorizing
sanctions only when suit is both groundless and brought in bad faith or for
purposes of harassment).