**Opinion filed February 12, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00133-CV

_____

## J.C. PACE, LTD., Appellant
## V.
## ODILIA SANCHEZ, Appellee

**On Appeal from the County Court at Law**
**Nolan County, Texas**
**Trial Court Cause No. 2014**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order imposing sanctions against Appellant, J.C. Pace, LTD., and its attorney, Roy Longacre. Appellant filed a motion to recuse the Honorable David Hall, judge of the County Court at Law of Nolan County, in the underlying lawsuit. Appellee, Odilia Sanchez, responded by filing a motion for sanctions under Rule 13 of the Texas Rules of Civil Procedure and Chapters 9 and 10 of the Texas Civil Practice and Remedies Code alleging that the motion to recuse Judge Hall was groundless. In a single written order, the trial court denied the recusal motion and awarded sanctions against Appellant and Longacre. The

parties subsequently settled all issues in the underlying case other than the award of sanctions. Appellant challenges the sanctions award in four issues. We reverse and render in part and affirm in part.

*Background Facts*

Appellee filed the underlying personal injury action against Pace and Family Dollar Stores of Texas, LLC.[1] Attorney Burt L. Burnett represented Appellee both in the trial court and in this appeal. Judge Hall had recently taken office at the time Appellant filed its motion to recuse him. Appellant based the motion to recuse on the allegation that Judge Hall's "impartiality might reasonably be questioned due to personal bias or prejudice concerning one of the parties to this litigation." Specifically, Appellant challenged the relationship between Burnett and Judge Hall. Appellant cited the following five allegations in support of its motion: (1) Judge Hall acted as a manager and registered agent of Multi-County Coalition of Texas while Burnett's parents, Sheila and Dale Burnett, were initial directors on the board; (2) Judge Hall acted as manager, organizer, and registered agent for Multi-County Coalition LLC while Sheila Burnett served as the manager; (3) Burnett paid $15,000 to Lance Hall, Judge Hall's father and former law partner, in exchange for one-half interest in a breeding bull on April 30, 2011; (4) Judge Hall acted as a director on the board of Aerial Vision Technology Inc. while Burnett served as president, director on the board, and registered agent; and (5) Judge Hall is related to Burnett.

The trial court heard testimony at two recusal hearings conducted on September 22, 2011, and October 20, 2011.[2] Lance Hall testified that, to the best

---

[1]Appellee dismissed Family Dollar Stores as a party based upon a settlement agreement. Accordingly, Family Dollar Stores is not a party to this appeal.

[2]Senior District Judge Robert H. Moore III, sitting by assignment, presided over the recusal and sanctions hearings.

of his knowledge, the common ancestor between Judge Hall and Burnett is a great, great, great grandparent. Lance Hall also testified that the Multi-County Coalition of Texas and, subsequently, the Multi-County Coalition LLC were organizations formed to oppose the establishment of a coal-burning power plant in the area. Lance Hall stated that there is no ongoing relationship between Judge Hall and Lance Hall's practice, including any relationship between Judge Hall and any of his prior clients. Lance Hall also said that Judge Hall did not have an interest in Aerial Vision Technology after 2010. Burnett testified that he no had personal knowledge of any familial relationship with Judge Hall. He also testified that he never paid Lance Hall for a breeding bull. Burnett also testified that Aerial Vision Technology is no longer a going concern.

After hearing testimony from Lance Hall and Burnett, the trial court found that Judge Hall was the registered agent of the Multi-County Coalition of Texas at the time it was formed. The trial court also found that Judge Hall acted as the manager, organizer, and registered agent for Multi-County Coalition LLC. The trial court also found that Judge Hall had a relationship with Aerial Vision Technology but that it ended in 2009. Conversely, the trial court determined that there was no evidence supporting Appellant's contention that Burnett purchased a one-half interest in a bull owned by Lance Hall. Finally, the trial court found that there was not a close enough familial relationship between Judge Hall and Burnett that would reasonably question Judge Hall's impartiality. The trial court denied the motion to recuse Judge Hall, finding no reasonable basis in the allegations to reasonably question Judge Hall's impartiality. The trial court additionally awarded sanctions against Appellant and Longacre.[3]

---

[3]The order awarding sanctions referenced the amounts of $1,000 and $500. However, the final judgment ordered sanctions of $500.

*Analysis*

Appellant challenges the sanctions order in four issues. The first issue concerns the sanctions awarded under Rule 13. The second and third issues address the sanctions awarded under Chapter 9 of the Civil Practices and Remedies Code. In its fourth issue, Appellant challenges the sanctions awarded under Chapter 10 of the Civil Practices and Remedies Code.

We review the imposition of sanctions under an abuse of discretion standard. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 373 (Tex. 2014); *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). An appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Low*, 221 S.W.3d at 614; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). This requires an examination of the entire record. *Loeffler v. Lytle Ind. Sch. Dist.*, 211 S.W.3d 331, 347 (Tex. App.—San Antonio 2006, pet. denied). Any conflicting evidence is viewed in the light most favorable to the trial court's ruling, and all reasonable inferences in favor of that ruling will be drawn. *Id.* at 348. A trial court abuses its discretion if it fails to properly interpret and apply the law. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009) (orig. proceeding).

Appellant asserts in its third issue that sanctions under Chapter 9 of the Civil Practices and Remedies Code are not available if sanctions under Chapter 10 or Rule 13 are available. We agree. Chapter 9 of the Texas Civil Practice and Remedies Code only applies to proceedings in which neither Rule 13 nor Chapter 10 applies. *Nath*, 446 S.W.3d at 362 n.6; *Low*, 221 S.W.3d at 614; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(h) (West 2002). As noted by the supreme court in *Nath*, "Chapter 9 has largely been subsumed by subsequent revisions to the

4

code." 446 S.W.3d at 362 n.6. We sustain Appellant's third issue. We need not consider Appellant's second issue in light of our ruling on the third issue.

In its first issue, Appellant contends that sanctions were not warranted under Rule 13 because there was no evidence of bad faith or harassment in connection with the filing of the motion to recuse. Rule 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who file a groundless pleading brought in bad faith or brought for the purpose of harassment. TEX. R. CIV. P. 13. "The imposition of Rule 13 sanctions involves the satisfaction of a two-part test. First, the party moving for sanctions must demonstrate that the opposing party's filings are groundless, and second, it must be shown that the pleadings were filed either in bad faith or for the purposes of harassment." *Estate of Davis v. Cook*, 9 S.W.3d 288, 297 (Tex. App.—San Antonio 1999, no pet.) (citing *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993)). Rule 13 directs a trial court to presume that a pleading was filed in good faith. *GTE*, 856 S.W.2d at 731. "Thus, the burden is on the party moving for sanctions to overcome this presumption." *Id.* A groundless pleading is not sanctionable unless it also was brought in bad faith or for the purpose of harassment. *Id.*

"Bad faith" is not simply bad judgment or negligence but is, rather, the conscious doing of wrong for a dishonest, discriminatory, or malicious purpose. *Armstrong v. Collin Cnty. Bail Bond Bd.*, 233 S.W.3d 57, 63 (Tex. App.—Dallas 2007, no pet.). Improper motive is an essential element of bad faith. *Robson v. Gilbreath*, 267 S.W.3d 401, 407 (Tex. App.—Austin 2008, pet. denied). The party moving for sanctions must prove the pleading party's subjective state of mind. *Thielemann v. Kethan*, 371 S.W.3d 286, 294 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Bad faith does not exist when a party merely exercises bad judgment or is negligent. *Id.* In deciding whether the plaintiff filed a pleading in bad faith or for the purpose of harassment, the trial court must measure the

plaintiff's conduct and examine the facts available to the plaintiff at the time the relevant pleading was signed. *Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 139 (Tex. App.—Texarkana 2000, no pet.). A party's pleading alone cannot establish that it brought the case in bad faith or for the purpose of harassment. *Id.*

We conclude that there is no evidence that either Appellant or Longacre filed the motion for a dishonest, discriminatory, or malicious purpose or for the purpose of harassment. While the trial court determined that the grounds alleged for recusal were groundless, Rule 13 does not permit sanctions on the issue of groundlessness alone. *Nath*, 446 S.W.3d at 362–63. As noted previously, Rule 13 requires a presumption that pleadings are filed in good faith. The record does not demonstrate that an improper motive existed at the time the motion to recuse was filed; thus, Appellee failed to overcome the presumption of good faith. In the absence of evidence to support a finding of bad faith or harassment, the trial court abused its discretion by awarding sanctions pursuant to Rule 13. Accordingly, we sustain Appellant's first issue.

In its fourth issue, Appellant asserts that the sanctions order does not comply with the requirements of TEX. CIV. PRAC. & REM. CODE ANN. § 10.005 (West 2002). Chapter 10 of the Texas Civil Practice and Remedies Code requires a pleading's signatory to certify that he or she conducted a reasonable inquiry into the allegations and concluded that each allegation or other factual contention in the pleading has or is likely to have evidentiary support. *Low*, 221 S.W.3d at 612. Section 10.005 provides that "[a] court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." The use of the word "shall" in the statute indicates that the requirement for particularity in the sanction order is mandatory. *Univ. of Tex. at Arlington v. Bishop*, 997 S.W.2d 350, 355 (Tex. App.—Fort Worth 1999, pet. denied).

Appellant contends that the order imposing sanctions does not comply with Section 10.005 because it does not explain the trial court's basis for issuing sanctions in the amount of either $1,000 or $500. We agree. The trial court entered an "Order Denying Recusal and Awarding Sanctions" that provided as follows:

On September 22, 2011 and October 20, 2011, the parties appeared through counsel for an evidentiary hearing upon Defendants' Motion To Recuse Judge David Hall. After reviewing the pleadings, hearing the evidence and hearing arguments of counsel, the Court finds the fol1owing:

(1) Burt Burnett and Judge Hall are not second cousins or otherwise related to the extent which requires recusal pursuant to Tex. Rules of Civ. Proc. 18b;

(2) Burt Burnett did not purchase a one[-]half interest in a bull owned by Lance Hall;

(3) No evidence was presented which indicates that Judge David Hall's impartiality might reasonably be questioned pursuant to TRCP 186 (2) (a), (e), Texas Constitution Art. V§ll, and Texas Code of Judicial Courts 4(A)(l), 4 (D)(1);

(4) A reasonable question of Judge hall's [sic] impartiality in cases involving Burt Burnett does not exist;

(5) The Defendants' filing of their Motions To Recuse Judge David Hall were groundless and that defense counsel, Roy Longacre, failed to make a reasonable inquiry before making the allegations contained in the recusal motions which he filed on behalf of the Defendants. Pursuant to T.R.C.P. 13, C.P.R.C. § 9.011[,] § 9.012, § 10.001, § 10.002 and § 10.004, Roy Longacre and his clients in these causes shall be sanctioned $1,000 for the damages caused by such failures.

Therefore, the Defendants' Motions To Recuse Judge David Hall are denied and Roy Longacre and his clients are ordered to pay

7

The Burnett Law Firm sanctions in the amount of ~~$1,000~~[4] within fifteen (15) days of the entry of this order.

All further relief requested is denied.

The order imposing sanctions does not explain the basis upon which the trial court calculated the monetary sanction that it imposed. Furthermore, both the caption of the trial court's order and the reporter's record from the hearings indicate that Longacre filed motions to recuse in the underlying proceeding (Trial Court Cause No. 2014) and in another proceeding styled Albert Rivera and wife, Patricia Rivera v. Joseph Xavi and GEICO General Insurance Company, Trial Court Cause No. 2092. None of the parties in Trial Court Cause No. 2092 are parties to this appeal. Accordingly, the trial court's order imposes sanctions against multiple parties, at least one of which is not a party to this appeal. In the absence of a provision setting out the conduct justifying sanctions solely attributable to Appellant or Longacre's representation of Appellant, the sanctions order does not comply with Section 10.005. Accordingly, we sustain Appellant's fourth issue.

### *This Court's Ruling*

We reverse the trial court's sanctions award and render judgment that Appellee take nothing on her sanctions claim. We affirm the remainder of the trial court's judgment.

February 12, 2015                                                   JOHN M. BAILEY

Panel consists of: Wright, C.J.,                        JUSTICE
Willson, J., and Bailey, J.

---

[4]Two lines were drawn through the typewritten amount of $1,000, and the sum of $500 was handwritten above it along with the judge's initials and the date.