Mike **ARMSTRONG** and Carolyn
**Findley Price, Appellants**

v.

**COLLIN COUNTY BAIL BOND
BOARD, Appellee.**

No. 05–05–01518–CV.

Court of Appeals of Texas,
Dallas.

July 3, 2007.

Rehearing Overruled Oct. 10, 2007.

---

**5.** Whether the statute grants such exclusive jurisdiction is beyond the scope of this opinion.

Philip W. Barton, Dallas, Carolyn Findley Price, Arlington, for appellants.

Robert Davis, Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, Dallas, for appellee.

Before Justices MORRIS, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a summary judgment in a suit for judicial review of a bail bond license suspension. In four issues, appellants complain the trial court erred by granting the Collin County Bail Bond Board's summary judgment, by denying Armstrong's motion for summary judgment, by imposing additional punishment on Armstrong, and by awarding sanctions and attorney's fees against Armstrong and his attorney, Carolyn Findley Price. For the reasons that follow, we (1) dismiss as moot appellants' first three issues complaining about the trial court's rulings with respect to Armstrong's bail bond license that expired by operation of law on August 31, 2005 and (2) modify the judgment to delete the trial court's sanctions orders to the extent they were incorporated into the judgment. We affirm the judgment as modified.

### I.

In June 2001, Armstrong first obtained a bail bond license as "Michael Armstrong d/b/a Plano Bonding.com." About two years later, he filed a renewal application, which the Board granted in June 2003. In February 2005, the Board notified Armstrong that a hearing would be conducted to determine whether his license should be suspended or revoked. The notice alleged violations of sections 1704.213(a) and 1704.154(b)(2)(D) of the Texas Occupations Code and rule 3.12 of the Board's rules and regulations. The notice alleged violations because of Armstrong's purported failure to maintain an office in Collin County and failure to identify in his 2003 renewal application all places where business would be conducted. After the hearing, the Board ordered Armstrong's license suspended for eighty-one days.

Armstrong filed this lawsuit in district court for a trial de novo of the Board's suspension and to enjoin the Board from imposing the suspension. The trial court denied Armstrong's request for injunctive relief. Both parties then moved for summary judgment. The trial court granted the Board's motion and denied Armstrong's. The trial court also "permanently revoked" Armstrong's bail bond license and enjoined the Board from considering Armstrong's May 2005 renewal application. The trial court later signed two additional orders granting the Board's request for sanctions and attorney's fees against Armstrong and Price, jointly and severally. This appeal followed.

## II.

As a preliminary matter, we first address the Board's contention that all of appellants' complaints with respect to the trial court's rulings on his bail bond license are moot. Specifically, the Board argues that Armstrong's failure to submit an amended renewal application as directed by the Board at its June 30, 2005 meeting, combined with expiration of his license by operation of law on August 31, 2005, compels the conclusion that there is no longer a live controversy with respect to the revocation of this license. Thus, the Board argues, we may not address appellants' first three issues challenging the propriety of the trial court's actions with respect to Armstrong's license.

Appellants do not dispute the facts that Armstrong did not file an amended renewal application as directed and his license expired on August 31, 2005. Appellants contend, however, that these issues are not moot because the disciplinary actions taken against Armstrong could be considered by the Board on future license or renewal applications. Even assuming the revocation may be considered by the Board in determining whether to grant Armstrong a future license or renewal, appellants have not demonstrated how the revocation presents anything other than a speculative injury. Armstrong currently has no application for an original license or renewal pending before the Board. Accordingly, whether the revocation would affect such an application, if one was submitted, is nothing more than speculation. Because we may only adjudicate actual disputes, we conclude that appellants' issues relating to the propriety of the trial court's rulings with respect to Armstrong's bail bond license have become moot.

In reaching this conclusion, we are unpersuaded by appellants' reliance on the following cases. In *House of Tobacco, Inc. v. Calvert*, the Texas Supreme Court held that issues involving a forfeited license were not moot even after the license automatically expired because the statutory licensing scheme specifically prevented appellant from getting a new permit for one year after a forfeiture. *See House of Tobacco*, 394 S.W.2d 654, 655 (Tex.1965). No such statutory provision exists here. In *Burns v. Harris County Bail Bond Board*, the court merely held that the board may investigate the applicant's past history as a licensee in determining whether the applicant is entitled to a new license. *Burns*, 971 S.W.2d 102, 106 (Tex.App.-Houston [14th Dist.] 1998, no pet.). Such a holding does not necessarily preclude appellant from obtaining a new license. At best it is simply a circumstance to be considered by the Board if Armstrong decides to pursue another license. A decision with respect to these issues would thus serve no purpose unless another and different controversy should arise between the parties. Accordingly, we dismiss as moot appellants' first three issues challenging the trial court's judgment with respect to his bail bond license. The entire cause is not moot, however, because a live controversy

still exists with respect to the sanctions the trial court imposed on appellants. It is to this issue we now turn.

The trial court signed two sanctions orders against appellants. The first order, dated August 10, 2005, imposed a $500 monetary sanction on appellants and ordered them to pay the Board $16,795 in attorneys' fees, costs, and expenses, plus additional sums if the matter was unsuccessfully appealed. The second order, signed on November 11, 2005, sanctioned appellants an additional $5,689.73 in attorney's fees, costs, and expenses. Both orders recited rule 13 of the Texas Rules of Civil Procedure and chapters 9 and 10 of the Texas Civil Practice and Remedies Code as authority for the sanctions. The awards of attorney's fees, costs and expenses were alternatively based on the Board's counterclaim pursuant to the Declaratory Judgment Act.

■ We review sanctions orders under an abuse of discretion standard. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (chapter 10 and rule 13); *Elkins v. Stotts–Brown*, 103 S.W.3d 664, 667 (Tex. App.-Dallas 2003, no pet.) (chapter 9 and rule 13). The party seeking sanctions bears the burden of overcoming the general presumption that pleadings were filed in good faith. *Id.*

■ We begin with appellants' contention that imposition of sanctions under chapter 9 of the Civil Practice and Remedies Code was improper because chapter 9 only applies to an action in which a claimant seeks damages. They argue that because appellants' lawsuit was for a trial de novo with respect to the Board's suspension and did not seek any damages, chapter 9 cannot be a proper basis for either sanctions award. Appellee, on the other hand, asserts that chapter 9 supports the sanctions awarded in this case because appellants' lawsuit contained a prayer for general relief and a request for costs.

Chapter 9 only applies to actions in which a claimant seeks (1) damages for personal injury, property damage, or death, or (2) damages from any tortious conduct. TEX. CIV. PRAC. & REM.CODE ANN. § 9.002(a) (Vernon 2002). Because appellants' lawsuit did not seek damages as set forth in section 9.002(a), chapter 9 cannot support the trial court sanctions orders.

■ Appellants also assert that the attorneys' fees awards cannot be supported by the Board's counterclaim under the Declaratory Judgment Act because the Board was not entitled to relief under the Act. We agree. A review of the Board's counterclaim reveals that it sought declarations that: (1) Armstrong violated section 1704.213(a) of the Texas Occupations Code and Rule 3.12 of the Rules and Regulations of the Collin County Bail Bond Board by failing to maintain an office in Collin County; (2) Armstrong violated section 1704.154(b)(2)(D) by failing to identify in his 2003 renewal application each place where business will be conducted; (3) the Board's suspension order was lawful and correct; and (4) Armstrong's claim would become moot on May 26, 2005. The Act is not available where, as here, the Board's counterclaim presents no new controversies and involves issues already before the court as a result of appellants' pleadings. *See Adams v. First Nat. Bank of Bells/Savoy*, 154 S.W.3d 859, 873 (Tex.App.-Dallas 2005, no pet.); *Narisi v. Legend Diversified Investments*, 715 S.W.2d 49, 51 (Tex. App.-Dallas 1986, writ ref'd n.r.e.). Thus, the trial court erred in awarding attorney's fees under the Declaratory Judgment Act.

The sanctions orders, however, were also based on rule 13 of the Texas Rules of Civil Procedure and chapter 10 of the Texas Civil Practice and Remedies Code. Rule 13 permits the trial court to impose sanc-

tions against an attorney, a represented party, or both if the evidence establishes a pleading is either (1) groundless and brought in bad faith, or (2) groundless and brought to harass. TEX.R. CIV. P. 13. Similarly, to award sanctions under chapter 10, it must be shown (1) the pleading or motion was brought for an improper purpose, (2) there were no grounds for the legal arguments advanced, or (3) the factual allegations or denials lacked evidentiary support. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 10.001 (Vernon 2002).

 Appellants challenge the legal sufficiency of the evidence to support the trial court's sanctions under rule 13 or chapter 10 claiming there was no evidence from which the trial court could find their pleadings were groundless, made in bad faith, for harassment, or for an improper purpose. Legal sufficiency is a relevant factor in assessing whether the trial court abused its discretion. *See Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). A legal sufficiency challenge may only be sustained when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez,* 977 S.W.2d 328, 334 (Tex.1998).

The trial court did not hold an oral hearing before it rendered its August 10 sanctions order. Thus, the trial court heard no testimony about the underlying facts upon which the Board relied to justify an award of sanctions. The only evidence before the trial court were appellants' pleadings and motions themselves, a stipulation with respect to the amount of attorney's fees incurred by the Board, and

five letters from the Board attorney threatening to seek sanctions against appellants if they refused to dismiss or withdraw certain pleadings.

The trial court's August 10 order identifies several pleadings and motions in support of its sanctions award. The seven-page order, however, generally recites the legal standard for finding sanctionable conduct and does not particularize the offensive conduct or basis for the particular findings. Specifically, the trial court found that appellants' initial pleadings were a calculated measure to harass the Board and thwart its suspension order and that appellants had no legal basis to support their initial pleadings because the evidence conclusively established Armstrong did not have an office in Collin County and failed to identify in his 2003 renewal application all places that business will be conducted. The trial court also determined the following: (1) allegations in appellants' initial pleadings, their response to the Board's opposition to the temporary restraining order and temporary injunction, and appellants' no-evidence motion for summary judgment indicating that Armstrong had an office in Collin County and his 2003 renewal application correctly listed each place where business would be conducted were misrepresentations, groundless, lacked evidentiary support, made in bad faith or for the purposes of harassment, or other improper purpose; (2) certain allegations in appellants' special exceptions lacked any legal or factual basis and were made in bad faith or for harassment or other improper purpose; (3) appellants' motion to realign parties misrepresents the applicable laws relating to the burden of proof and injunctive relief; and (4) appellants' request that all proceedings be on the record was legally and factually groundless, made in bad faith or other improper purpose. The trial court further

concluded that the repeated filing of baseless pleadings and motions identified above, together with appellants' refusal to dismiss the lawsuit as the Board requested in five letters, indicates the pleadings and motions were filed for an improper motive and in bad faith.

To the extent the trial court relies on appellants' filing of their initial pleadings as support for its sanctions, we note that appellants possessed a statutory right to seek judicial review by trial de novo of the Board's suspension. *See* TEX. OCC.CODE ANN. § 1704.255–56 (Vernon 2004). Thus, the mere filing of appellants' petition and initial pleadings cannot support the award of sanctions.

▮▮▮ Moreover, the trial court relied heavily on what it considered the lack of merit of appellants' contentions and assertions that it did not commit the violations asserted by the Board. Although the parties did not dispute the underlying facts, appellants vigorously contested whether these facts constituted violations of the statutes and rules as found by the Board. The trial court may not base sanctions solely on the legal merit of a pleading or motion. *See Elkins*, 103 S.W.3d at 668. Instead, the trial court must examine the facts available to the litigant and the circumstances existing at the time the pleading was filed. *Id.* Although appellants ultimately lost on the merits, the trial court's order does not explain its basis for concluding appellants' assertions were without legal or factual basis, and our review of the record does not support such a determination.

Similarly, we find no evidence to support the trial court's findings with respect to appellants' special exceptions and motion to realign parties. Again, it appears that the trial court based its findings on the ultimate merits of the pleadings and nothing more.

▮▮▮ Finally, there is nothing to support the trial court's findings of bad faith, harassment, or other improper purpose. Again, the trial court heard no evidence to support a finding that appellants lacked a good faith basis for filing the lawsuit and subsequent pleadings at the time they were filed. Courts must presume that papers are filed in good faith, and the party moving for sanctions bears the burden of overcoming this presumption. *See id.* Bad faith is not simply bad judgment or negligence, but the conscious doing of a wrong for dishonest, discriminatory or malicious purpose. *Id.* at 669.

The letters from the Board's attorney requesting dismissal and the pleadings standing alone are no evidence of appellants' intent. In absence of any evidence to support the trial court's findings on appellants' intent in filing the identified documents, the sanctions order cannot be supported on this basis. Because the evidence is legally insufficient to support findings that appellants' pleadings and motions were groundless, filed in bad faith or for harassment or other improper purpose, the trial court's August 10 sanctions order was an abuse of discretion.

The trial court's November 11 sanctions order was based on the filing of the following: (1) Armstrong's motion to reconsider summary judgment, order of discipline and award of sanctions; (2) Price's motion pursuant to government code § 21.002; and (3) Price's answer to the Board's motion to hold Armstrong and Price in contempt and Price's affidavit. The trial court also based its November 11 sanctions award on Price's inability and failure to communicate with her client, Armstrong. Both rule 13 and chapter 10, however, limit their applicability to signed pleadings.

Although the trial court made findings that the pleadings referred to above contained misrepresentations, were ground-

less, and were made in bad faith and for an improper purpose, there was no evidence to support the trial court's determination. In fact, at the sanctions hearing on November 4, the only evidence the Board presented was the testimony of Price and her affidavit. Price's testimony was limited to when she last had contact with Armstrong and whether she could pay the $500 penalty assessed in the first order.

In the end, the trial court identified only one factual assertion and several legal positions taken in the identified pleadings as the basis for its award. There is nothing in the order or the record before the trial court, however, that supports a finding that these items were groundless, made in bad faith, or made for some other improper purpose. Similarly, the record does not support the trial court's finding that Price misrepresented her ability to pay the sanctions imposed by the court's August 10 order. In fact, at the hearing Price testified she did not even have the funds to pay the $500 civil penalty and needed ten days to borrow the necessary funds. Moreover, like the August 10 sanctions order, the trial court appears to have based the sanctions merely on the ultimate merit of appellants' motions and nothing more. Because no evidence supports the trial court's finding of a rule 13 or chapter 10 violation, the trial court abused its discretion in awarding sanctions under these provisions.

In conclusion, we dismiss as moot appellants' first three issues challenging the trial court's judgment with respect to Armstrong's bail bond license. We vacate the trial court's August 10 and November 11 sanctions orders, modify the judgment to the extent the sanctions orders were merged into it, and affirm the judgment as modified.