

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00771-CV

David M. **DUNLOP**,
Appellant

v.

John D. **DELOACH**, Individual, John David DeLoach d/b/a Bexar Towing,
and 2455 Greenway Office Associates, Limited Partnership,
Appellees

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 377809
Honorable Jason Pulliam, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  April 10, 2013

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

This is an appeal from a county court order dismissing appellant David M. Dunlop's

claims with prejudice and ordering him to pay $1,000.00 in attorney's fees as sanctions.  On

appeal, Dunlop does not contest the dismissal, but contends the imposition of sanctions was

improper because: (1) the trial court failed to include the particular reasons for the sanctions in

the order; and (2) there was no evidence Dunlop "signed and filed" a pleading or other papers

that were groundless, frivolous, or brought to harass.  We affirm the portion of the trial court's

judgment dismissing the petition; however, we reverse the trial court's judgment awarding

sanctions and render judgment that appellees John D. DeLoach, Individual, John David DeLoach d/b/a Bexar Towing, and 2455 Greenway Office Associates, Limited Partnership take nothing as to their request for sanctions.

## BACKGROUND

On November 15, 2007, Bexar Towing, a company operated by John D. DeLoach, towed Dunlop's vehicle. Bexar Towing was authorized to tow illegally parked vehicles by Greenway Office Associates, L.P., the landlord of the building in whose parking lot Dunlop was parked. Believing his vehicle was improperly towed, Dunlop filed a request for a hearing pursuant to section 2308.456 of the Texas Occupations Code. The request was filed on January 8, 2008. It is undisputed that Dunlop's request for a hearing was denied by the justice court because it was untimely.[1]

In October 2009, Dunlop filed a Statement of Claim in Small Claims Court, seeking to recover $995.00 in damages he allegedly suffered as a result of the "wrongful tow." After a hearing on February 19, 2010, at which DeLoach and Greenway failed to appear, the court entered a default judgment for Dunlop. DeLoach and Greenway filed a joint motion for new trial. On June 2, 2010, after a hearing, the court entered a take nothing judgment in favor of DeLoach and Greenway, finding "the facts alleged in [Dunlop's] Petition or Statement of Claim have not been proven by a preponderance of the evidence." Dunlop filed a notice of appeal. However, the case was "returned" to the justice court because Dunlop failed to pay the statutory filing fee. *See* TEX. R. CIV. P. 143a (stating that if appellant fails to pay costs on appeal from

---

[1] Section 2308.452 of the Texas Occupations Code provides that a person whose vehicle has been removed and placed in a storage facility without his consent may request a hearing to determine if there was probable cause for the removal. TEX. OCC. CODE ANN. § 2308.452 (West 2012). However, such a request must be in writing and delivered "to the court before the 14th day after the date the vehicle was removed and placed in the vehicle storage facility . . . excluding Saturdays, Sundays, and legal holidays." *Id.* § 2308.456(a). Dunlop's vehicle was towed on November 15, 2007, but admittedly he did not file his hearing request until January 8, 2008, which was long past the due date.

judgment of justice court within twenty days after being notified by county clerk, appeal shall be deemed not perfected and county clerk shall return all papers in cause to justice court and that court shall proceed as if no appeal had been attempted).  The record shows Dunlop was notified by letter dated June 14, 2010, that a $212.00 filing fee was due and that if it was not paid by July 8, 2010, the appeal would be returned to the justice court.

Thereafter, Dunlop filed a motion asking the court to reconsider and reinstate the appeal, asserting he never received the June 14, 2010 letter from the county clerk.  Dunlop provided the "green card" showing he never signed for the letter sent by the clerk.  DeLoach and Greenway claim Dunlop avoided service with regard to this letter, and point out that the record shows Dunlop signed the Small Claim Information Handout, acknowledging he read and understood the information therein.  In the handout, it states that to appeal, the complaining party must file an "Appeal Surety Bond" and "pay[] the appeal filing costs 'within 10 days from the date a judgment . . . is signed.'"  DeLoach and Greenway filed a joint motion to dismiss Dunlop's claims, contending the claims had already been determined by the June 2, 2010 take nothing judgment, and no proper appeal was taken, making the judgment final.  A hearing was held on September 30, 2010, and the court determined: "Case is final.  No more hearings."  According to Dunlop, the justice court stated it lacked jurisdiction at the hearing.  Dunlop filed a notice of appeal on October 11, 2010.

It appears this appeal was never forwarded to the county court by the justice court.  On March 29, 2012, Dunlop filed a petition for writ of mandamus in this court, asking that we require the justice court to take action on his October 11, 2010 notice of appeal  This court dismissed the petition for lack of jurisdiction.  *In re Dunlop*, No. 04-12-00197-CV, 2012 WL 1245698, at *1, (Tex. App.—San Antonio Apr. 11, 2012, orig. proceeding).  We held that we have authority to issue writs of mandamus against "'a judge of a district or county court in the

court of appeals district' and other writs as necessary to enforce our appellate jurisdiction," but Dunlop sought a writ against a justice of the peace and the writ was not necessary to enforce our jurisdiction, and therefore we were without jurisdiction to entertain the petition. *Id.*

After this court dismissed his petition for writ of mandamus, Dunlop refiled the petition for writ of mandamus with the county court on May 24, 2012. In the petition, Dunlop asked the court to issue a writ of mandamus to the justice court, requiring the justice court to act on his notice of appeal, and claiming the justice court erred in entering the September 30, 2012 judgment that the case was final. In response, DeLoach and Greenway filed their "Original Answer, Counterclaim for Filing Frivilous [sic] Action and for Sanctions." In that filing, DeLoach and Greenway sought sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice and Remedies Code. As a sanction, they sought reasonable attorney's fees. Dunlop filed a response and thereafter DeLoach and Greenway filed a motion to dismiss and a motion for sanctions. In both of their pleadings, DeLoach and Greenway claimed the petition for writ of mandamus filed by Dunlop in the county court was sanctionable under Chapter 10 and Rule 13 as it was: (1) "presented for an improper purpose . . . to harass or to cause unnecessary delay or needless increase in the cost of litigation," and includes legal contentions that are not warranted by existing law and includes frivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law; (2) "groundless and brought for the purpose of bad faith and furthermore is groundless and brought for the purpose of harassment." DeLoach and Greenway sought attorney's fees and expenses in the amount of $6,545.00. Dunlop filed a response.

The county court held a hearing on August 16, 2012, at which all parties appeared. On September 30, 2012, the trial court signed an order granting the motion to dismiss filed by DeLoach and Greenway, and dismissing Dunlop's petition with prejudice. The county court also

ordered Dunlop to pay $1,000.00 in attorney's fees to the attorney for DeLoach and Greenway. The order does not state whether the sanctions in the form of attorney's fees were imposed pursuant to Rule 13, Chapter 10, or both. Dunlop then perfected this appeal.

### ANALYSIS

In this appeal, Dunlop raises two issues. He does not challenge the portion of the order dismissing his claims; rather, he challenges only the trial court's award of attorney's fees as sanctions. Dunlop contends we must reverse the sanctions portion of the award because: (1) the trial court failed to include the particular reasons for the sanctions in the order; and (2) there was no evidence Dunlop "signed and filed" a pleading or other papers that were groundless, frivolous, or brought to harass.

### *Standard of Review*

We review a trial court's award of sanctions under Rule 13 of the Texas Rules of Civil Procedure or Chapter 10 of the Texas Civil Practice and Remedies Code under an abuse of discretion standard. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Spiller v. Spiller*, 21 S.W.3d 451, 456 (Tex. App.—San Antonio 2000, no pet.). A trial court abuses its discretion if it acts without regard to guiding rules and principles of law, such that its ruling is arbitrary or capricious. *Low*, 221 S.W.3d at 614. When a trial court's decision is contrary to the only permissible view of the evidence, there is an abuse of discretion. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009).

### *Failure to State Particular Reasons for Sanctions*

When imposing sanctions under Chapter 10 of the Civil Practice and Remedies Code or Rule 13 of the Rules of Civil Procedure, the trial court is required to detail, or state with particularity, the conduct the court has determined is improper and explain the basis for the sanction. TEX. CIV. PRAC. & REM. CODE ANN. § 10.005 (West 2002); TEX. R. CIV. P. 13; *see*

*Low*, 221 S.W.3d at 619. Dunlop contends the trial court's order fails to comply with this requirement. We agree; however, Dunlop has failed to preserve this contention for our review.

The trial court's order, with regard to the sanctions, states:

> **IT IS ORDERED** that Relator, DAVID DUNLOP pay $1,000.00 as reasonable attorney's fees payable to Carleton B. Spears, P.C. . . . within seventy-five (75) days from the date of the hearing, August 16, 2012.

There is nothing in the order describing the conduct for which Dunlop is being sanctioned or explaining with particularity the good cause for the sanction. *See id.* Thus, the order fails to comply with the mandates of section 10.005 and Rule 13. *See id.* Dunlop, however, failed to object to the order in any manner, e.g., motion for new trial, motion to reconsider, request for findings of fact and conclusions of law. Accordingly, he has waived any complaint about the specificity of the county court's order. *See Low*, 221 S.W.3d at 619 (holding challenge to specificity of trial court's sanction order in untimely post–trial motion was waived); *Spiller*, 21 S.W.3d at 456 (holding appellant waived error because he did not call to the trial court's attention its failure to include findings required by Rule 13 and section 10.005); *see also* TEX. R. APP. P. 33.1.

Dunlop asserts he preserved error at the end of the hearing when he asked the court to explain to him how he provided groundless or frivolous pleadings, arguing that DeLoach and Greenway "haven't outlined what proceedings that I filed in bad faith or were frivolous . . . ." We disagree. The hearing was held in August, but the trial court's order was not signed until September 20, 2012. Dunlop could not have preserved error relating to the trial court's failure to comply with the particularity requirements of Rule 13 and section 10.005 *before* the order was signed. In fact, when we examine the entire colloquy between Dunlop and the judge, it is clear the judge was asking Dunlop to provide argument that he did not file frivolous or groundless pleadings, and Dunlop was complaining that *DeLoach and Greenway* had failed to particularize

the pleadings filed in bad faith by Dunlop. This was not an exchange about the trial court's provision of particulars, and could not have been because the trial court had not yet rendered a judgment.

Based on the foregoing, we hold Dunlop failed to preserve his complaint on this issue for our review. We therefore overrule his first issue.

### *No Evidence that Petition for Writ of Mandamus was Frivolous or Groundless*

Dunlop next contends there was no evidence presented by DeLoach and Greenway that the petition for writ of mandamus was filed in violation of Rule 13 or Chapter 10 of the Civil Practice and Remedies Code. Therefore, the trial court abused its discretion in imposing sanctions. Legal sufficiency is a relevant factor in assessing whether the trial court abused its discretion in imposing sanctions. *Armstrong v. Collin County Bond Bd.*, 233 S.W.3d 57, 62 (Tex. App.—Dallas 2007, no pet.).

In essence, DeLoach and Greenway contended the filing of the petition for writ of mandamus (which asked the county court to force the justice court to reinstate the appeal from the June 2, 2010 take-nothing judgment and forward Dunlop's notice of appeal to the county court) was frivolous and filed to harass because the justice court had no authority to act after Dunlop failed to pay the filing fee for the appeal. According to DeLoach and Dunlop, once Dunlop failed to pay the filing fee for the appeal from the June 2, 2010 judgment, as instructed by the county clerk in the June 14, 2010 letter, the judgment became final, and the justice court's plenary power expired thirty days later–before Dunlop filed his motion to reinstate and reconsider.

DeLoach and Greenway further contended at the sanctions hearing that under Rule 21a of the Texas Rules of Civil Procedure, service of the June 14, 2010 letter was complete on Dunlop when the letter was placed in the mail, and Dunlop, contrary to his claim, had "constructive

notice" of the June 14, 2010 letter, and purposefully avoided service by not claiming the letter, as he had allegedly done with regard to other documents during the course of the proceedings. *See* TEX. R. CIV. P. 21a. Accordingly, when Dunlop asked the justice court to reconsider and reinstate the appeal on July 29, 2010, the justice court was without jurisdiction to reinstate the appeal. *See* TEX. R. CIV. P. 143a (stating that if after notice no filing fee is timely paid, justice court shall proceed as if no appeal had been attempted). Therefore, Dunlop's filing of the petition for writ of mandamus in the county court, asking the court to require the justice court to reinstate the appeal and forward it to the county court, was frivolous and done to harass DeLoach and Greenway. In support of their contentions, DeLoach and Greenway provided the trial court with a copy of the "green card," which established Dunlop never signed for the county clerk's certified notice letter and the letter was returned on July 15, 2010, because it was "unclaimed" and the postal service was "unable to forward."

At the hearing, Dunlop denied he had avoided service of the county clerk's letter. He advised the county court that he "travel[ed] a lot." Dunlop claimed he never received the notice and argued that under Rule 21a, he was entitled to offer proof that he did not receive the letter and that if the court agreed, it could extend the time to pay the fee; hence, his request for reconsideration in the justice court. *See id.* He told the county court he would have paid the fee if he had notice of it. He even testified he attempted to pay the fee but the county clerk would not accept payment because the matter had been returned to the justice court. He then provided the county court with case law which he claimed supported his attempts to have the justice court reconsider his motion to reinstate the appeal based on an absence of notice regarding the appellate filing fee. *See Depue v. Henderson*, 801 S.W.2d 178, 179 (Tex. App.—Houston [14th Dist.] 1990, no writ) (holding county court erred in dismissing appeal from justice court because appellants testified they did not receive notice that appellate filing was due and county clerk

admitted failing to send notice that appellate filing fee was due by method authorized by Rule 21a).

Rule 13 provides for sanctions when a party files a pleading that is groundless and brought in bad faith or groundless and brought to harass. TEX. R. CIV. P. 13; *Armstrong*, 233 S.W.3d at 61–62. Chapter 10 of the Texas Civil Practice and Remedies Code similarly forbids frivolous pleadings, i.e., pleadings were filed for an improper purpose, there were no grounds for the legal arguments advanced, or the factual allegations lacked evidentiary support. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001; *Armstrong*, 233 S.W.3d at 62.

We must presume pleadings are filed in good faith. *Low*, 221 S.W.3d at 614; *Armstrong*, 233 S.W.3d at 63. The party seeking sanctions has the burden to overcome this good faith presumption. *Id.* "The party moving for sanctions must prove the pleading party's subjective state of mind." *Thielemann v. Kethan*, 371 S.W.3d 286, 294 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). "Bad faith is not simply bad judgment or negligence, but the conscious doing of a wrong for dishonest, discriminatory or malicious purpose." *Armstrong*, 233 S.W.3d at 63; *see Thielemann*, 371 S.W.3d at 295. Accordingly, a trial court may not base sanctions solely on the legal merit of a pleading. *Thielemann*, 371 S.W.3d at 295; *Armstrong*, 233 S.W.3d at 63. Rather, the trial court must examine the facts available to the party and the circumstances existing at the time the pleading complained of was filed. *Id.*

Based on our review of the record, we hold there was no evidence to support a finding that Dunlop acted in bad faith, that his petition for writ of mandamus was filed for an improper purpose, or to harass. The record shows the trial court relied heavily on what it considered the lack of merit of Dunlop's contention that he did not receive proper notice regarding the filing fee. DeLoach and Greenway seemingly agree that it was a matter of disagreement over the legal

arguments propounded by Dunlop. They state in the brief that "[t]he Judge disagreed with Dunlop's interpretation of the Rule."

The merit of Dunlop's contentions was not the issue below, and is not the issue on appeal. Rather, the question for the trial court and now this court is whether there was evidence that Dunlop's contentions were brought in bad faith to harass or brought for an improper purpose. At the hearing, Dunlop argued that because he did not receive notice of the filing fee – as demonstrated by the green card – he was entitled to bring that matter to the attention of the justice court, and the lack of notice might entitle him to relief. Dunlop cited rules of procedure and case law in support of his contention. The green card submitted as evidence by DeLoach and Greenway established Dunlop was never served with the county clerk's filing fee letter, supporting his claim of lack of notice. In response, DeLoach and Greenway merely argued that Dunlop avoided service, but there was no evidence to support this, only supposition by counsel. If in fact Dunlop did not receive notice, and the justice court refused to act on this claim, a petition for writ of mandamus to the county court was the proper legal vehicle for Dunlop to pursue.

The trial court's ultimate disagreement with Dunlop's interpretation of the law with regard to notice, service, and the finality of the justice court's judgment does not support a finding that Dunlop acted in bad faith or that his petition was brought to harass or for an improper purpose. It was the burden of DeLoach and Greenway to establish the petition for writ of mandamus was filed in violation of the mandates of Rule 13 or Chapter 10. We find nothing in the record to show DeLoach and Greenway met this burden. Rather, most of the record simply contains counsel's arguments recounting his clients' displeasure over Dunlop's continued pursuit of a matter that involved less than $200.00, which resulted in their having to incur

attorney's fees. Pursuing one's legal rights, even over an amount that some might consider *de minimis*, does not constitute bad faith.

Dunlop made a reasonable inquiry into the legal and factual basis for his claim, citing applicable rules and case law. *See Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 348 (Tex. App.—San Antonio 2006, pet. denied) (opin. on reh'g) (holding that in order for trial court to determine if pleading was groundless, court objectively inquires as to whether party made reasonable inquiry into legal and factual basis of claim). At the most, the evidence established an absence of legal merit, or perhaps negligence by Dunlop, with regard to his contention that he was entitled to have the justice court revisit his request to appeal. *See Thielemann*, 371 S.W.3d at 295; *Armstrong*, 233 S.W.3d at 63. "Sanctions should only be assessed 'in those egregious situations where the worst of the bar uses our honored system for ill motive without regard to reason and guiding principles of the law.'" *Thielemann*, 371 S.W.3d at 295 (quoting *Dyson Descendant Corp. v. Sonat Expl. Co.*, 861 S.W.2d 942, 951 (Tex. App.—Houston [1st Dist.] 1993, no writ)). This is not such a case.

We hold the evidence in this case is legally insufficient to merit an award of sanctions. The trial court's award of sanctions was contrary to the only permissible view of the evidence. *See Unifund CCR Partners*, 299 S.W.3d at 97. Accordingly, we hold the trial court abused its discretion in awarding sanctions under either Rule 13 or Chapter 10 based on Dunlop's petition for writ of mandamus. We sustain Dunlop's second issue.

CONCLUSION

In this appeal, Dunlop did not contest the dismissal of his petition for writ of mandamus. Rather, he complains only about the imposition of sanctions. Accordingly, we affirm the portion of the judgment dismissing Dunlop's petition. As for the award of sanctions, we hold the trial court abused its discretion in ordering Dunlop to pay counsel for DeLoach and Greenway

$1,000.00 in attorney's fees because there was no evidence to support a finding that Dunlop acted in bad faith, for an improper purpose, or that his pleading wholly lacked legal merit. We therefore reverse the portion of the trial court's judgment awarding $1,000.00 in attorney's fees to counsel for DeLoach and Greenway and render judgment that DeLoach and Greenway take nothing on their motion for sanctions.

Marialyn Barnard, Justice