

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00293-CV

_____

DUNN LAW GROUP, P.C., Appellant

V.

M. MONIQUE WALTERS, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2015-001211-1

Before Kerr and Pittman, JJ., and Gonzalez, J.[1]
Memorandum Opinion by Justice Pittman

---

[1]The Honorable Ruben Gonzalez, Jr., Judge of the 432nd District Court of Tarrant County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Texas Government Code. *See* Tex. Gov't Code Ann. § 74.003(h) (West 2013).

**MEMORANDUM OPINION**

The day before a continued bench trial in the county court was set to resume, Appellant Dunn Law Group, P.C. nonsuited its case against former employee M. Monique Walters. The next day, it refiled the same claim in district court. Walters argued to the county court that Dunn Law took the nonsuit to avoid an unfavorable ruling. On Walters's motion, the county court rendered an order declaring Walters to be the prevailing party in Dunn Law's claim against her. Dunn Law appeals from that order. Because we hold that the county court had no jurisdiction to render the order, we vacate the order.

**BACKGROUND**

Dunn Law sued Walters in county court to recover on an unpaid promissory note. It sought damages of $19,416.14 in unpaid principal, $10,700.06 in interest, and attorney's fees.

Walters filed a general denial and asserted usury as an affirmative defense. She filed counterclaims for violations of the Texas Debt Collection Practices Act and the Texas Deceptive Trade Practices Act and for usury. She also denied that any money had been advanced to her under a note, alleging that the money had been given to her as an employee for services rendered.

The case was set for trial to the court on June 1, 2017. At the trial's start, Walters's attorney objected to Dunn Law's failure to respond to some discovery requests regarding its damages. Specifically, the attorney argued that in Walters's

2

request for disclosures, she had asked Dunn Law to disclose the amount of or its method of calculating the unpaid principal, accrued unpaid interest, and attorney's fees, and that Dunn Law had not responded. Dunn Law also did not disclose any experts, including experts who would testify about attorney's fees, until two days before trial. Walters argued that because Dunn Law had failed to adequately respond to the requests, "there is nothing there that they can testify to as far as damages or concerns." The county court continued the trial to read case law provided by Walters. However, in a letter to the parties, the county court stated, "Although we continued the trial of this matter, it is not my intent to allow the parties to supplement either pleadings or discovery responses unless the parties agree."

The county court set the trial to resume on June 29, 2017. In the late afternoon of June 28, 2017, Dunn Law nonsuited its claim without prejudice. The county court signed a dismissal order the same day. The next morning, Walters also nonsuited her counterclaims, and the county court signed an order approving the nonsuit. That same day, Dunn Law sued Walters in district court.

With no pending claims before the county court, on July 12, Walters filed a "Motion to Be Declared a Prevailing Party" in that court. At the hearing on the Motion, Walters's attorney characterized the Motion as a "motion to reform or modify a judgment." He reminded the county court of the case's procedural background and argued that Dunn Law had nonsuited to avoid an unfavorable judgment. Dunn Law countered that Walters was not entitled to be declared a prevailing party because the

3

note contained no language providing for attorney's fees for a prevailing party. In its response to Walters's motion, Dunn Law requested attorney's fees as sanctions against Walters and her attorney.

The county court granted Walters's Motion and signed an order declaring Walters to be the prevailing party. Dunn Law now appeals.

## **DISCUSSION**

In its second issue, Dunn Law argues that the county court's order is legally invalid. It contends that the county court could not enter what was essentially a take-nothing judgment in Walters's favor after it had nonsuited its claims without prejudice. We agree.

## I. **A Defendant Need Not Obtain Affirmative Relief to "Prevail."**

"A prevailing party has been defined as the party 'who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention.'" *Head v. U.S. Inspect DFW, Inc.*, 159 S.W.3d 731, 749 (Tex. App.—Fort Worth 2005, no pet.) (citation omitted). "Determination of whether a party is the prevailing or successful party must be based upon success on the merits." *Id.*; *see Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 652 (Tex. 2009) (holding that to prevail, a party "must obtain actual and meaningful relief, something that materially alters the parties' legal relationship").

A defendant who has not obtained affirmative relief nevertheless prevails on the plaintiff's claims against it if the plaintiff nonsuits its claims with prejudice because

"[t]he res judicata effect of a nonsuit with prejudice works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter." *Epps v. Fowler*, 351 S.W.3d 862, 868–69 (Tex. 2011). "If a plaintiff nonsuits a case *without* prejudice, however, the defendant is generally not considered a prevailing party because 'a nonsuit without prejudice works no such change in the parties' legal relationship; typically, the plaintiff remains free to re-file the same claims seeking the same relief.'" *Severs v. Mira Vista Homeowners Ass'n*, 559 S.W.3d 684, 710–11 (Tex. App.—Fort Worth 2018, no pet. h.) (mem. op.) (quoting *Epps*). Because courts disfavor nonsuits filed to circumvent unfavorable legal rulings, "'a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits.'"[2] *Id.* (quoting *Epps*).

---

[2]We recently held that when reviewing an award of attorney's fees in this type of situation, a court of appeals applies a mixed standard of review: "whether a party nonsuited to avoid an unfavorable ruling is a question of fact, which we review for an abuse of discretion, but we review any legal determinations, such as whether the suit had an arguable basis in law, *de novo*." *Severs*, 559 S.W.3d at 707 (quoting *N. Star Water Logic, LLC v. Ecolotron, Inc.*, 486 S.W.3d 102, 105 (Tex. App.—Houston [14th Dist.] 2016, no pet.)). Here, we do not review the county court's factual determination because we hold that, as a matter of law, the county court could not have made a ruling on the merits when it did so.

## II.  A Nonsuit Terminates a Party's Case.

A plaintiff may take a nonsuit at any time before it has introduced all its evidence other than rebuttal evidence.  Tex. R. Civ. P. 162.  "If a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost."  *City of Dallas v. Albert*, 354 S.W.3d 368, 375 (Tex. 2011); *see also Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (stating that a nonsuit "renders the merits of the nonsuited case moot"); *In re Riggs*, 315 S.W.3d 613, 616 (Tex. App.—Fort Worth 2010) (orig. proceeding) (stating that "[a] nonsuit extinguishes a case or controversy from the moment the motion is filed or when an oral motion is made in open court" and that "[i]f a defendant has no pending claim for affirmative relief, a trial court's refusal to grant a nonsuit violates a ministerial duty").

However, a nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief" and "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal."  Tex. R. Civ. P. 162.  Thus, a party's nonsuit does not deprive the trial court of jurisdiction over the opposing party's pending claim for affirmative relief.  *Williams v. Nat'l Mortg. Co.*, 903 S.W.2d 398, 402–03 (Tex. App.—Dallas 1995, writ denied); *see also Travelers Ins. Co.*, 315 S.W.3d at 863 (noting that a trial court continues to have jurisdiction over an opposing party's counterclaims after a party nonsuits its claims).  Further, "[a]fter a nonsuit, a trial court retains jurisdiction to address collateral matters, such as motions for sanctions," even if filed after the nonsuit.  *Travelers Ins. Co.*, 315 S.W.3d at 863.

6

**III.    The County Court Could Not Adjudicate the Merits of Dunn Law's Claim After Both Parties Nonsuited Their Claims.**

Walters's Motion asked the county court to "find [Walters] a prevailing party, as the non-suit taken by [Dunn Law] was solely to avoid an adverse ruling by the [county] [c]ourt." For the county court to grant Walters's Motion, it had to determine that Dunn Law had nonsuited to avoid an unfavorable judgment *on the merits*—that is, it had to render an order on the merits of Dunn Law's claim. *See Head*, 159 S.W.3d at 749 (stating that determination of prevailing party must be based upon success on the merits). However, the county court no longer had jurisdiction to do so when Walters had not pled for attorney's fees for defending against Dunn Law's claim or sought sanctions related to the merits of Dunn Law's claim. Even if we could construe Walters's Motion on its face to be a motion for sanctions—although the Motion recited no basis for sanctions—her attorney clarified at the hearing on the Motion that the county court should consider it to be a motion to modify. Thus, because Dunn Law's nonsuit mooted the merits of its claim, the county court lost jurisdiction to determine the claim's merits. *See City of Dallas*, 354 S.W.3d at 375; *Travelers Ins. Co.*, 315 S.W.3d at 863. Moreover, when Walters nonsuited her own claims, the merits of all the remaining claims in the case became moot. The county court could still, at that point, address any collateral matters in the case. *See Travelers Ins. Co.*, 315 S.W.3d at 863. But it had no jurisdiction to address the merits of Dunn Law's claim or Walters's claim, and, thus, no jurisdiction to grant Walters's Motion. *See City of Dallas*, 354 S.W.3d at 375.

We sustain the pertinent part of Dunn Law's second issue. We therefore do not reach Dunn Law's first issue challenging the sufficiency of the evidence supporting the county court's order. *See* Tex. R. App. P. 47.4.

## IV. The County Court Did Not Err in Implicitly Denying Dunn Law's Sanctions Request.

In its third issue, Dunn Law contends that the county court erred when it failed to award Dunn Law attorney's fees as sanctions against Walters and her attorney, as requested in its response to Walters's Motion. It argues that it was entitled to sanctions for Walters's violating Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code Section 10.001, subsections (1), (2), and (3). *See* Tex. R. Civ. P. 13 (providing that the signature of an attorney or party on a motion constitutes a certification that the motion is not groundless and brought in bad faith or groundless and brought for harassment); Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West 2017) (stating that signing a motion constitutes a certification that (1) the motion is not presented for any improper purpose; (2) that each legal contention in the motion is warranted by existing law or a nonfrivolous argument to change existing law; and (3) each factual allegation in the motion has evidentiary support).

To support a sanctions award under Rule 13 for a party's or the party's attorney's signing of a motion, the party seeking sanctions must show that the motion was groundless and brought in bad faith or groundless and brought for harassment. Tex. R. Civ. P. 13. "Bad faith does not exist when a party exercises bad judgment or

8

negligence. Rather, bad faith means the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 191 (Tex. App.—Texarkana 2011, no pet.) (citation and internal quotation marks omitted). Similarly, to support an award of sanctions under Section 10.001(1) for the filing of a motion, a party must show that the motion was brought for an improper purpose. *Armstrong v. Collin Cty. Bail Bond Bd.*, 233 S.W.3d 57, 62 (Tex. App.—Dallas 2007, no pet.) (citing section 10.001).

Before imposing sanctions under either Rule 13 or section 10.001(1), "a trial court must hold an evidentiary hearing to make the necessary factual determinations about a party's or an attorney's motives and credibility." *Dinkins v. Calhoun*, No. 02-17-00081-CV, 2018 WL 2248572, at *5 (Tex. App.—Fort Worth May 17, 2018, no pet.) (mem. op.). "The party moving for sanctions must prove the pleading party's subjective state of mind," and without an evidentiary hearing, "the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass." *R.M. Dudley Const. Co. v. Dawson*, 258 S.W.3d 694, 710 (Tex. App.—Waco 2008, pet. denied). "The trial court may not base sanctions [under Rule 13 or Section 10.001(1)] solely on the legal merit of a pleading or motion. Instead, the trial court must examine the facts available to the litigant and the circumstances existing at the time the pleading was filed." *Armstrong*, 233 S.W.3d at 63 (reversing sanctions award when "it appear[ed] that the trial court based its findings on the ultimate merits of the pleadings and nothing more").

9

In the county court, Dunn Law made this argument that Walters and her attorney filed the Motion in bad faith:

> [Walters's Motion] was brought in bad faith as is evidenced by the fact that [her] attorney clearly did not make reasonable inquiry regarding the facts of this case and applicable law. Any first year law student could find the cases that support the negation of all the facts and law relied upon by [Walters] in her [Motion]. [Walters] filed the Motion . . . to harass [Dunn Law] as it is clear [Walters] and her attorney are perturbed that [Dunn Law] has refiled its cause of action for collection of the [P]romissory Note.

Dunn Law makes the same argument in its brief.

Dunn Law neither introduced evidence at the hearing on the Motion related to Walters's or her attorney's purpose in filing the Motion nor made any argument at the hearing related to sanctions other than to state that the firm had pending a "motion for sanctions against [Walters's attorney] for bringing a suit on a prevailing party when there is no such language, citing only the *Epps* case and citing only his findings of fact as his evidence, which is barred by the rules for having done so."

Based on Dunn Law's arguments and the record on appeal, we decline to hold that the county court abused its discretion in declining to award sanctions under Rule 13 or Section 10.001(1).

As for Dunn Law's other arguments for imposing sanctions under Section 10.001—that Walters's Motion lacked evidentiary support and that there were no grounds for the legal arguments made in the Motion—awarding sanctions on those grounds is discretionary. *See Dinkins*, 2018 WL 2248572, at *5. We cannot conclude

10

that the county court abused its discretion in this case in not awarding sanctions under Section 10.001(2) or (3). *See id.* (declining to conclude that the trial court abused its discretion for not awarding sanctions under Section 10.001(2) when, as here, the appellants cited no authority that sanctions are mandatory under chapter 10 nor any case in which an appellate court reversed a trial court for not awarding a discretionary sanction).

We overrule Dunn Law's third issue.

## CONCLUSION

Having sustained Dunn Law's second issue and overruled its third issue, we vacate the county court's order declaring Walters to be the prevailing party.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Delivered: January 17, 2019